## ROBB v. McDONALD.

1. **Contempt:** HABEAS CORPUS : DISOBEDIENCE OF SUBPŒNA : JUSTICE OF THE PEACE. Under section 4038 of the Revision, a justice of the peace has power, upon the application of a person desirous of· obtaining the affidavit of another, to require the appearance of the latter before him by a subpœna issued for that purpose ; and a refusal to obey a subpœna of the justice thus issued, or to answer when brought before him, is a contempt of his rightful authority, for which the person refusing may be committed by the ʻjustice.

2. —— Nor is it any sufficient excuse for the witness, nor does it furnish any ground for releasing him from such commitment on *habeas corpus,* that the affidavit desired by the party at whose instance the subpœna was issued, would not be legally admissible in the proceeding, pending in another forum, for which it is sought or in which it is desired to be used. Of this the witness or person subpœnaed has no right to judge. WILLIAMS, J. *dissenting.*

3. —— The rule recognized, that the writ of *hebeas corpus* does not lie by one court to examine or review the proceedings of another in cases of commitments for contempt, except in cases where the proceedings leading to such commitment are so grossly defective as to render them void.

*Appeal from Monroe Circuit Court.*

THURSDAY, AUGUST 4.

HABEAS CORPUS.—In November, 1869, one Tucker was unsuccessul in an action then tried in the Monroe district court, in which he was plaintiff, and one Acheson was defendant. He afterward, in March, 1870, filed in said court his application for a new trial, based upon the misconduct of the jury in drinking intoxicating liquors after retiring to deliberate, the bribing of witnesses, and the providing intoxicating drinks by defendant to the jury, all these matters coming to his knowledge after the adjournment of the term. Being desirous to take the affidavits of the jurors aforesaid, he made application to

Robb v. McDonald.

a justice to issue his subpœna, commanding them by name to appear before him for that purpose. It seems that plaintiff was one of these jurors, and upon being served with subpœna, issued as aforesaid, upon the petition of Tucker to the justice, notified the justice, in writing, that he should not attend, and treated the process with contempt. To a second subpœna he returned the same answer. A notice thereupon issued, requiring him to appear before the justice, to show cause, if any he had, why he should not be punished for contempt. To this he answered that he should not appear. An attachment thereupon issued (the justice having adjudged the witness in contempt) and plaintiff, being brought before the justice, refused to take the oath proposed and offered to be administered in due form, or to make any affidavit in the case as required. He was thereupon adjudged in contempt, and that he stand committed, etc. The defendant, in this case, is the sheriff, and plaintiff having, on *habeas corpus*, made known these facts, he was discharged, and defendant appeals

*Daniel Anderson* and *Stuart Bros.* for the appellant.

*Perry & Townsend* for the appellee.

WRIGHT, J.—The basis of plaintiff's application was, that Tucker's petition for a new trial, under section 3116 of the Revision, was to be tried " as other cases, by ordinary proceedings." Hence, upon testimony in open court or depositions, not upon *ex parte* affidavits, and that the applicant therefor had no right to demand, nor the justice power to require, a witness to make the proposed affidavit.

Though we should concede the first part of this proposition, we should still not be prepared to concur in the order discharging the petitioner. As to the nature of these applications for a new trial, however, see *Alger* v. *Merritt*,

16 Iowa, 123 ; *Richards* v. *Nuckolls*, 19 id. 556 ; *Sturgeon* v. *Ferron*, 14 id. 160. It seems to us that the first inquiry is, whether the circuit court had any power, under this writ, to inquire into the regularity or legality of the proceedings of the magistrate adjudging the contempt and making the order of commitment. It will be remembered that the witness (this petitioner) three times defiantly and persistently refused to obey the process with which he was served ; and that, upon being brought before the justice, he still obstinately refused to take the required oath or make the desired affidavit. If the justice had the power to issue these subpœnas, then there can remain no question but that the witness was in contempt and liable to punishment. Rev. § 2688, cl. 4. The justice was a judicial officer, acting in the discharge of an official duty, and, as such, a contempt of his authority or orders, within the scope of his powers, was punishable. Could this person or witness then determine for himself, in disobedience of the process with which he was served, that, as his affidavit would not be admissible, he would stand out against all efforts to take the same ? It seems to us most clearly not. The law invests a party subpœnaed with no such dangerous powers. The rights of litigants and powers of courts are not subject to be defeated and set at naught by the caprice and self-will, the sole judgment of a defiant witness, or an equally defiant, and doubtless more interested, party.

The law gives to a party the right to apply to a justice, or any officer competent to take depositions, to have affidavits taken. This he does by petition, stating the object for which he desires the same. Rev. 4038. By the sections succeeding it is provided that the officer may issue subpœnas ; take the testimony in the form of affidavits or depositions ; may, in his discretion, require notice to the opposite party or person interested in the testimony, and

Robb v. McDonald.

that the court to which an *ex parte* affidavit thus taken is produced may require the witness to be brought before some competent officer for cross-examination. And what right had the witness in this case to determine for himself that the justice was not proceeding strictly in accord with this statute? What right had he to determine whether his affidavit would or would not be received on the motion for the new trirl? How did he know but that it was to be taken upon notice or by agreement? How could he tell, or what right had he to suppose, that there would be an objection to his affidavit when taken? How could he know but that the party asking the affidavit might not also seek an injunction, under section 3505 of the Revision, and need his affidavit to make a probable cause for granting the same?

The substance of the whole case, however, is in the thought that the justice had power to issue these subpœnas and to take this party's affidavit, and the witness had no right by this process to have investigated the legality of that proceeding. A single judge cannot in this method review the order of commitment, nor determine in advance for him, as this witness undertook to do, that the affidavit would not be admissible in a state of case by him supposed.

The witness might as well have undertaken to decline answering a question because it was leading, or the testimony incompetent, or the like, and thus set at defiance the proceedings and orders of the magistrate. Upon this subject see *Platt* v. *Harrison*, 6 Iowa, 79; *Ex parte Grace*, 12 id. 208; *State* v. *Duffy*, 15 id. 425; *Printz* v. *Cheeney*, 11 id. 469.

Then we must not forget that the justice was undertaking to punish this witness for a contempt of his authority and orders. He certainly had a right to issue a subpœna, commanding plaintiff to appear. This no

one will deny. It was the duty of plaintiff to obey that mandate. In refusing this obedience he defied the law, and was in contempt of its authority. It would certainly be a most dangerous doctrine, and much more so than seems to be esteemed possible by petitioner, if, on *habeas corpus*, the judgment or order of the justice could be reviewed. The rule is well settled, that in such cases, that is, when the party is being punished for a contempt, unless the proceedings leading thereto are so grossly defective as to render them void, the judgment of commitment cannot, in the absence of statute, be reviewed in any other tribunal, and certainly cannot otherwise, or in other cases, be attacked under this writ. We state the rule, but have no time, nor does the occasion demand, that we do more. It well sustained. *Ex parte Kearney*, 7 Wheat. 38; Heard on Hab. Corp. 412, and the numerous cases there cited. "Infinite confusion and disorder," says Blackstone, "would follow, if courts could, by *habeas corpus*, examine and determine the contempts of others." *Lockwood* v. *The State*, 1 Carter's Ind. 161; *Ex parte McKee*, 18 Mo. 599.

Reversed.

WILLIAMS, J. (dissenting).—This is an appeal from the order of the judge of the circuit court of Monroe county, discharging the plaintiff in a proceeding by virtue of a writ of *habeas corpus*.

There had been a trial in the district court of the county, and a plaintiff against whom the verdict was rendered, after the adjournment of the term at which the case was tried, had filed his petition for a new trial, according to the provisions of section 3116 of the Revision. When a new trial is sought under the provisions of this section, "the case shall be tried as other cases by ordinary proceedings." The plaintiff, in the motion for

a new trial, filed his petition with a justice of the peace, in accordance with section 4038 of the Revision, stating that he wished to have taken the affidavit of John Robb, the plaintiff in the *habeas corpus* case, to be used on the trial of the case stated in the petition for a new trial, to prove that the defendant in the original trial gave the jury after they retired to deliberate on their verdict, intoxicating liquors, and that the defendants also bribed witnesses at the trial.

In accordance with this petition, the justice summoned John Robb, who refused to be sworn and to make his affidavit of his knowledge of the facts, in relation to which his testimony by affidavit was wanted. Robb was, for this refusal, committed for contempt ; and, to be discharged from this commitment, he obtained this writ and was discharged. From the order discharging Robb, there is an appeal to this court. Unless the plaintiff, in the petition for a new trial, could use the affidavit, he was not entitled to have it taken, and the justice could not compel the making of the affidavit.

It is provided by section 4065 in what cases depositions may be taken, to be used on the trial of civil actions, and as the case in which Robb's affidavit was to be used was to be tried as a case by ordinary proceedings, his affidavit could not be used, unless he came within one of the specifications of this section. It is not shown in the *habeas corpus* proceeding that he did so come. The justice did not, therefore, have jurisdiction to take Robb's affidavit, and, of course, he could not punish Robb for refusing to make it. The legal conclusion is, that the judge of the circuit court properly discharged the plaintiff, and the discharge should be

Affirmed.