STATE, EX REL. WHITCOMB, v. SEATON, SHERIFF.

1. **Habeas Corpus:** IMPRISONMENT FOR CONTEMPT: REVIEW OF ORDER. It is not competent in a *habeas corpus* proceeding to review and reverse an order of imprisonment for contempt, unless it can be determined, as a matter of law, that the act constituting the alleged contempt was not a contempt.

2. ———: CONTEMPT OF JUSTICE OF PEACE: REFUSAL TO MAKE AFFIDAVIT. Where one is subpœnaed to appear before a justice of the peace to make affidavit, as required under sections 3692 and 3693 of the Code, he must obey the subpœna, notwithstanding the affidavit desired may be of no use as evidence in the case in aid of which it is sought; and for refusing obedience in such a case he may be committed for contempt, and he cannot be relieved upon *habeas corpus*. *Robb v. McDonald*, 29 Iowa, 330 followed. Beck, J. *dissenting*.

*Appeal from a decision of Justice Rothrock, at Chambers.*

WEDNESDAY, OCTOBER 3.

MR. JUSTICE ROTHROCK, of this court, issued a writ of *habeas corpus* directed to the defendant, the sheriff of Linn county, who, it is alleged in the petition, illegally restrained the petitioner of his liberty in the jail of the county. Upon the return of the writ, the proceedings were dismissed, and the petitioner was remanded to the custody of the defendant. The petitioner appeals. The facts of the case are stated in the opinion.

*W. G. Thompson* and *J. B. Youny*, for appellant.

*Geo. W. Wilson*, for appellee.

ADAMS, J.—The record discloses the following facts: The relator, C. H. Whitcomb, brought an action in replevin in the district court of Linn county, against Gray & Beebe, to recover certain property levied upon by the sheriff of Linn county, under an execution issued upon a judgment in favor of Gray & Beebe, and against one Jaquith. It appears that the issues in that case involved the question of the ownership of the property, the question being as to whether it belonged to the relator in this case, or to Jaquith. While the action of replevin was pending, the defendants therein, Gray & Beebe, filed a petition with J. M. Gray, a justice of the peace of Linn county, who is the husband of Gray, one of the defendants in the action of replevin, reciting the pendency of that action, and alleging "that the petitioners, in order to prepare their answer as defendants, and properly prepare their defense in said action, desire the answer under oath of said C. H. Whitcomb to the following questions, and also answers to such further questions as such answers may suggest." Eighteen questions are given, which Whitcomb is desired to answer. They relate to his owner-

ship of the property, his alleged purchase and payment, the manner in which he conducted his business, and other matters which would probably be admissible in evidence in an action wherein the title of property would be questioned on the ground of fraud. The petition was amended so as to show that it was intended by petitioners "for the further purpose of determing whether to abandon their defense or prosecute the same in the action in the district court, wherein the said C. H. Whitcomb is plaintiff and your petitioners are defendants, and, perhaps, to use the same as testimony in the trial of said cause." Upon the petition the justice of the peace issued a subpœna requiring Whitcomb to appear before him and "make his affidavit or give his deposition," as required in the petition. On the return day of the subpœna, Whitcomb appeared and made objections to the proceedings on the following grounds:

"1. The justice of the peace is the husband of one of the parties to the action, who make and file the petition.

"2. It is not shown that any attempt has been made to procure Whitcomb's affidavit, or that he has refused to give it.

"3. The petition shows that the affidavit is required for a purpose unknown to the law.

"4. The justice has no jurisdictiou of the subject matter of the petition."

These objections were overruled, as well as an application for a change of venue, on the ground of the relation which the justice sustained to one of the parties, and an application for an adjournment of the case to a future day. Whitcomb refused to be sworn and give his affidavit or deposition as sought in the petition, and thereupon the justice held that he was in contempt, and ordered him to be committed to the jail of the county "until he should submit to be sworn and testify." A *mittimus* was issued upon this order, whereon Whitcomb was committed to the custody of the defendant, the sheriff of the county, and lodged in jail. The legality of this imprisonment is presented for our determination upon

the record before us. We cannot, in a *habeas corpus* proceeding, review the order of imprisonment for contempt, and reverse, unless the act constituting the alleged contempt was such that we can pronounce as a matter of law that it was not a contempt. If, for instance, the justice had no authority to subpœna this plaintiff, and was acting without jurisdiction in doing so, then what he did was done merely as an individual, and whatever contempt there was, if it could be called such, not being for judicial authority, would not be such as the law recognizes and punishes. The relator claims that such is precisely this case. Whether he is correct depends upon the construction which should be put upon those sections of the Code under which the justice undertook to act. Those sections, 3692 and 3693, are in these words: "When any person is desirous of obtaining the affidavit of another who is unwilling to make the same fully, he may apply to any officer competent to take depositions, as herein declared, by petition, stating the object for which he desires the affidavit. If such officer is satisfied that the object is legal and proper, he shall issue his subpœna to bring the witness before him," etc. The foregoing provisions are contained under the "title of Evidence," and the plaintiff insists that they can have no application where it appears upon the face of the petition filed with the justice, as he says it does in this case, that the affidavit, if obtained, cannot be used as evidence. He urges upon our consideration the great and irreparable injury that might be done to individuals, if they could be made to disclose, under the form of an affidavit, all kinds of information, not proper as evidence in any matter, provided only some justice of the peace could be made to think that it was legal and proper, and whose error could be corrected only after all the injury had been done. Without denying that there is considerable force in this position, we have to say that it appears to us that the question is not an open one. If it were, the writer is in great doubt whether he would not be inclined to hold the plaintiff's position correct. But we

are not able to see how we could so hold now, without substantially overruling *Robb v. McDonald*, 29 Iowa, 330. It is true, it was not distinctly held in that case that the affidavit sought was useless in a legal point of view. But the decision is not less authoritative in the case at bar; because it was distinctly held that it was immaterial whether it was useless or not. The ruling is that the justice has full power to pass on the question of the legality and propriety of the affidavit sought, and was not without jurisdiction to issue the subpœna, though, as a matter of law, it appeared upon the face of the petition for the affidavit that it could not, when taken, have any legal use. That decision has stood for many years, and commitments have doubtless been made under it which would render the parties committing liable for false imprisonment, if the section does not express the law, and if the law is as the plaintiff contends.

Having reached the conclusion that the justice was not without jurisdiction in issuing the subpœna, and that there was a contempt in fact, we think that this disposes of the case, and that the other errors complained of are not of such a character that relief can be afforded in a proceeding of *habeas corpus*. We think that the decision and order of Mr. Justice Rothrock must be

AFFIRMED.


BECK, J., *dissenting*. I am unable to concur in the foregoing opinion, and will now present briefly the grounds of my dissent:

I. The decisive question in the case is this: Did the justice issuing the mittimus have jurisdiction in the case? A justice of the peace, it may be conceded, has jurisdiction to commit one guilty of a contempt by refusing to obey an order lawfully made in a case wherein he has jurisdiction of the subject matter in controversy, and of the person against whom an order or judgment is sought. But if he has no jurisdiction in the case, his order and judgment are void, and

no process he issues thereon can be enforced. This proposition cannot be doubted; it is quite unnecessary to cite authority in its support. The writ of *habeas corpus* cannot be used as a writ of error to review the decision of tribunals, when they act within the bounds of their jurisdiction. But if they exceed their jurisdiction, and render judgments or orders in excess thereof, and attempt to enforce them by the imprisonment of the person against whom they are directed, they will be declared void in *habeas corpus* proceedings, and the person held thereunder will be enlarged. In cases of this character, the jurisdiction of the court imprisoning a citizen charged with contempt depends upon the fact whether an act constituting the foundation of the charge is regarded in law as a contempt. If the act be not a contempt, the court cannot imprison—it has no jurisdiction. The act alleged to be contemptuous is the subject matter of the proceeding in contempt cases. If the act is not a contempt in contemplation of law, it is not within the jurisdiction of the court to punish the person charged with committing it.

Tribunals may decide all questions touching their jurisdiction, but their decisions supporting their jurisdiction are not conclusive, and judgments rendered without jurisdiction may be assailed either directly or collaterally. The decision of a court that an act is a contempt is a decision as to its jurisdiction, and may be questioned in any collateral proceeding. It may, of course, be assailed upon *habeas corpus,* which is the very proceeding provided by the law whereby the legality of the imprisonment of a citizen may be determined.

In the case before us, it is insisted that the justice of the peace determined that the petition upon which Whitcomb was requested to make his affidavit is sufficient, and that he could be lawfully required to obey the order made by the justice. Upon these very points rests the question of the jurisdiction of the justice to commit for contempt. If the law does not authorize the justice to order plaintiff to make

his affidavit, then are the whole proceedings void, and the justice has no authority to commit him.  The justice, in deciding upon the legality of the proceeding and the suffi- cency of the petition, passed upon the vital jurisdictional question in the case.  His decison in support of his jurisdic- tion may be questioned by a direct or collatral attack, and especially may its validity be the subject of inquiry upon a writ of *habeas corpus*, which is especially designed to enlarge citizens unlawfully imprisoned.

Suppose a charge of felony should be made before a jus- tice of the peace, and that officer should sentence the accused to the penitentiary, could it be claimed that, because the jus- tice had decided that he had jurisdiction—had held that the information was sufficient and the accused was guilty of an offense which he had authority to punish, therefore the legal- ity of the commitment could not be inquired into upon a writ of *habeas corpus?*  That case and this are governed by the same rule.  In each, the jurisdiction depends upon the fact whether the act charged constitutes an offense punishable by the justice.  The decision of the justice in neither case is conclusive, but is subject to review upon *habeas corpus*, for the reason that the jurisdiction of the justice is involved therein.  It will be observed that in this case the decision of the justice is not brought in question upon the facts found by him, for there is no denial that the plaintiff did refuse to obey his order, but the contention in the case involves the question of law, whether plaintiff's disobedience of the order is punishable as a contempt.  The jurisdiction of the justice is in issue in the case, and if it be found that he acted with- out authority, the plaintiff was illegally imprisoned, and must be enlarged.  Hurd on Habeas Corpus, pages 412, 333; Cooley's Constitutional Limitation, page 348; *Kilbourn v. Thompson*, 103 U. S., 168; *Zelle v. McHenry et al.*, 51 Iowa, 572; *Robb v. McDonald*, 29 Iowa, 330; *Ex parte Holman*, 28 Iowa, 88.

II.  I am next required to determine the question invol-

ving the jurisdiction of the justice to require the plaintiff to make his affidavit or submit to an examination, as proposed in the petition upon which the justice of the peace acted. The Code contains the following provisions, which counsel for defendant insist conferred jurisdiction upon the justice to order plaintiff to make his affidavit and submit to the examination upon oath:

"Section 3692. When a person is desirous of obtaining the affidavit of another who is unwilling to make the same fully, he may apply to any officer competent to take depositions, as herein described, by petition, stating the object for which he desires the affidavit.

"Section 3693. If such officer is satisfied that the object is legal and proper, he shall issue his subpœna to bring the witness before him, and, if he fail then to make a full affidavit of the facts within his knowledge to the extent required of him by the officer, the latter may proceed to take his deposition by question and answer in writing in the usual way, which deposition may be used instead of an ordinary affidavit."

The affidavits contemplated in these sections are such as may be lawfully required of a person, and which may be used for lawful purposes. The person desiring the affidavit must have a right to demand it, and the person possessing the knowledge must be under obligation to impart such knowledge. The affidavit can only be taken for use in such cases, and in such manner, as are contemplated and authorized by law. In numerous cases, the law requires affidavits to perpetuate proof of a fact, as the proof of publication of notice, and the like. So, affidavits are properly used as evidence upon motions made in cases pending in the courts, as upon a motion for a new trial, and for various other purposes. But a citizen cannot be required under these provisions to make sworn statments of facts to be used for the benefit of another, when he is under no legal obligation to impart such knowledge which he possesses, or where it is proposed to use such

statements in a manner not authorized by law. The plaintiff was under no obligation to give the defendants in the replevin case the information they sought to obtain for the purpose of enabling them to prepare their case for trial. Nor does the law authorize an affidavit to be used for the purpose indicated in the petition filed with the justice. Such a thing was never before heard of. If parties may call on each other for sworn statments of facts within their knowledge, the course of practice, in certain classes of cases at least, would be entirely changed. We conclude that the justice had no authority to require the plaintiff to submit to the examination proposed, and that the order he made to that effect exceeded his jurisdiction. His decision, as we have pointed out, pertained to the question of his jurisdiction, and may be reviewed in this case.

III. *Robb v. McDonald*, 29 Iowa, 330, cited by defendant's counsel, has no bearing upon the controlling question in this case, as the justice issuing the commitment in that case had jurisdiction therein, and the decision is based upon that ground. It is declared in the opinion that "the substance of the whole case, however, is in the thought that the justice had power to issue these subpœnas and to take this party's affidavit." See page 333. Other questions in the case need not be considered in view of the conclusions we have announced. But it is proper to express in the strongest language, disapproval of the proceeding being instituted before, and entertained by the justice, who is the husband of one of the parties prosecuting it. No husband, as a judcial officer, ought to decide a case in which his wife is a party, as his interest in it is scarcely less than if he were a party himself. Such a thing is a scandal upon the administration of the law, and tends to impair the confidence and respect due to judicial officers. The decision of Mr. Justice Rothrock at chambers ought, in my opinion, to be reversed, and an order ought to be made releasing the plaintiff from custody, and from all liability to answer on account of the proceedings before the justice.