## DUDLEY ET AL v. McCORD ET AL.

1. **Habeas Corpus:** CONTEMPT OF JUSTICE OF PEACE: REFUSAL TO MAKE AFFIDAVIT: CODE, § 3962, 3963. Under §§ 3962 and 3963 of the Code, a person is not bound to make an affidavit which is sought only as information on which to base a civil action; and in this case, where plaintiffs were committed by a justice of the peace for refusing to obey a subpœna, commanding them to appear before him to make an affidavit for such a purpose, they should have been discharged upon *habeas corpus*. *Robb v. McDonald*, 29 Iowa, 330, and *State v. Seaton*, 61 Id., 563, distinguished.

*Appeal from the order of Hon. H. C. Henderson, judge of the Eleventh judicial district of Iowa.*

WEDNESDAY, APRIL 8.

THE plaintiffs, E. L. Dudley, E. H. Chapman, P. C. Eldridge and M. C. Healion, were restrained of their liberty by the defendant, George B. McCord, sheriff of Marshall county, and the defendant, H. D. East, deputy sheriff of Marshall county. Being so restrained, they made application to the Hon. H. C. HENDERSON for a writ of *habeas corpus*. The writ was granted, but upon hearing they were remanded. From the order remanding them they appeal.

*R. A. Sankey* and *Brown & Carney*, for appellants.

*H. E. J. Boardman* and *J. H. Bradley*, for appellees.

ADAMS, J.—The plaintiffs were committed to custody by one A. F. Haradon, a justice of the peace, for an alleged contempt of his judicial authority. The application for a writ of *habeas corpus* was based upon the allegation that the commitment was void, for the reason that the alleged contempt was merely the disobedience of an order, and the order was made in a matter in which the justice of the peace had no jurisdiction.

The question presented involves a construction of the following provisions of the Code, which are in these words:

"Section 3692. When any person is desirous of obtaining the affidavit of another, who is unwilling to make the same fully, he may apply to any officer competent to take depositions as herein declared, by petition, stating the object for which he desires the affidavit.

"Section 3693. If such officer is satisfied that such object is legal and proper, he shall issue his subpoena to bring the witness before him, and if he fails then to make a full affidavit of the facts within his knowledge to the extent required of him by the officer, the latter may proceed to take his deposition by question and answer in writing in the usual way, which deposition may afterwards be used as an ordinary affidavit."

In August, 1884, one J. J. Higginson and one Elijah

Smith, claiming to be stockholders in the Central Iowa Railway Company, filed a petition before Haradon, as justice of' the peace, averring that they were about to commence an action for an injunction against the company, to prevent the carrying out of certain pretended contracts, and also against the acting president and directors of the company, for the purpose of removing them from office. They averred in substance that, to enable them to obtain the information necessary for commencing the action, they needed and desired the affidavit of E. L. Dudley, E. H. Chapman, P. C. Eldridge and M. C. Healion. The application was granted, and a subpœna was issued and served upon the persons whose affidavits were desired. They did not obey the subpœna. Thereupon the justice issued a warrant, and caused the persons subpœnaed to be brought before him, to show cause why they should not be punished for contempt. They made answer that they were not under obligation to obey the subpœna, for reasons as follows: "*First*, because there is no proceeding in any court authorizing the justice to take the testimony of any of these parties; *second*, the petition confers no jurisdiction to cause a summons to issue for the arrest and commitment of the witnesses, and is wholly void." The justice, deeming the answer insufficient, adjudged the persons to be in contempt, and ordered that they be committed, as above set forth.

It was held in *Robb v. McDonald*, 29 Iowa, 330, and *State v. Seaton*, 61 Iowa, 563, that the justice might punish for contempt for a refusal to give an affidavit when subpœnaed, under the sections above cited, and that it was not competent for the person subpœnaed to set up that no legal use could have been made of the affidavit if it had been given. The ground upon which those decisions are based is that the justice has jurisdiction to pass upon the question as to whether the object for which the affidavit is sought is legal, and, if he judges it to be such, it is not for the witness to set up his judgment to the contrary, and refuse to obey the subpœna

upon that ground. It is to be observed, however, that the decision in each of these cases was made by a divided court. It is to be observed, further, that in each there was an action pending, and the affidavit was sought for use in the action. Affidavits from these plaintiffs were not sought for use in an action, nor were they sought for any use for which there is any provision of law. They were sought for the mere purpose of information.

We are clear that the statute does not contemplate that persons can be forced to give affidavits which are sought merely for information. The statute provides that the witness may be brought before the officer, and that his *deposition* may be taken, and that the deposition may afterwards *be used instead of an ordinary affidavit*. The use referred to is manifestly a legal use as evidence, and the justice should refuse to issue a subpœna where affidavits are not ostensibly sought for such legal use, and also where, if ostensibly sought for such use, he should be satisfied that they were not desired for such use in fact. If Higginson and Smith's petition had expressly stated that the affidavits were not sought for any use contemplated by the statute, it would manifestly have been insufficient to invoke the jurisdiction of the justice; but we cannot regard the petition as essentially different. The use stated was, we think, not contemplated by the statute; and we cannot presume that the affidavits were sought for some use not stated. The petition, then, did not purport to come within the statute, and in this the case differs from those above cited. We are of the opinion, therefore, that the justice had no jurisdiction. It follows that these plaintiffs were illegally committed, and that their application to be released upon the writ of *habeas corpus* should have been sustained.

It remains to be stated that an application was made by the plaintiffs in this case to Mr. JUSTICE BECK, at chambers, to be released upon filing a *supersedeas* bond, and an order for their release was made. Afterwards, a motion was filed by the defendants in this court to vacate the order, on the

ground that Mr. Justice Beck had no power to make it. In the view which we have taken of the case, the motion is of no practical importance; and, without ruling upon its merits, we have to say that we think that it should be dismissed.

Reversed.