GEORGE CHAMBERS, Appellant, v. HENRY OEHLER, *et al.*

CONTEMPT. Code, 1873, section 3671, authorizes the clerk of court to issue subpœnas on the application of any persons having a cause or other matter pending in the court of which he is clerk, and by section 3633, a justice of the peace is made clerk of his own court. *Held*, that a subpœna issued by a justice of the peace where there was no action pending before him as named therein was without authority and void.

RULE APPLIED. An affidavit by the claim àgent of a railroad, filed with a justice of the peace, stating that the company had a claim whereby it was necessary to have papers served on the fourth of July to get service on defendant in an action named, is not sufficient to authorize the justice to issue a subpœna for a witness, where no action is pending, under Code, 1873, section 3692, providing that when a person desires to obtain the affidavit of another who is unwilling to make the same, he may apply by petition to any

officer authorized to take depositions, stating the object for which he desires such affidavit.

CONTEMPT. Where a subpœna was issued without authority, the witness is not guilty of contempt in disobeying it.

Malicious Prosecution: JUSTICE AND CONSTABLE. Where a justice issued a subpœna for a witness, without authority, because no such action as named was pending before him, and, on the witness not appearing, arrested and fined him for contempt, evidence of such facts is sufficient to take a case of false imprisonment against the justice to the jury, and a direction of a verdict for the defendant was error.

SAME. Where constables served warrants, apparently regular, arresting a witness for disobeying an invalid subpœna issued by the justice, they are not liable for false imprisonment, since the contempt proceeding was within the jurisdiction of the justice, however ill-founded it might have been.

Legal Holiday: JUDICIAL BUSINESS: Subpœna. Code, 1873, section 2626, amended by acts Fifteenth General Assembly, chapter X, by adding sub-division 4, provides that no person shall be held to appear to or answer any civil actions or special proceedings on the fourth day of July. Held, that the section does not prohibit the transaction of judicial business on that day; and, therefore, that a subpœna directing a witness to appear on that day was not void.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED, Judge.

WEDNESDAY, JANUARY 18, 1899.

ACTION for damages for false imprisonment. At the conclusion of plaintiff's case, the jury, under instruction from the court, returned a verdict for defendants. From a judgment entered thereon against plaintiff for costs, he appeals.— *Affirmed* as to certain defendants.

*S. T. Richards, E. C. Perkins,* and *Arthur A. House* for appellant.

. *Chas. Husted* and *Longueville & McCarthy* for appellees.

WATERMAN, J.—The case made by plaintiff was substantially this: The defendant Oehler was a justice of the

peace in and for Dubuque county. The other defendants, Wessel and Meyers, were deputized constables, whose connection with the matter will duly appear. On July 4, 1893, the justice issued a subpoena, commanding plaintiff to appear before him at 9 o'cock a. m. of said day, and testify in an action wherein one Sarah Jane Galloway was plaintiff and the Chicago, Milwaukee & St. Paul Railway Company was defendant. No such action was pending before the justice. This subpoena was served on that day by Wessel. Plaintiff did not respond. Thereupon the justice issued a warrant for his arrest for contempt of court. This warrant was served by defendant Meyers, who on the same day arrested plaintiff and brought him into court, where he was fined for the alleged contempt the sum of five dollars and costs, which he then paid. It is charged in the petition in one count that the action of these officers was wilful and malicious, and in another count a conspiracy to injure plaintiff is charged against them.

II. Appellant claims that the subpoena was without force or virtue, for that he could not legally be compelled to attend court as a witness on the fourth day of July. Subdivision 4, section 2626, Code 1873, as amended by chapter 10, Acts Fifteenth General Assembly, provides: "No member of the general assembly shall be held to appear or answer any civil action or special proceeding in any court of record or inferior court while such general assembly is in session, nor shall any person be held to so answer or appear in any such court on the first day of January, the twenty-second day of February, the thirtieth day of May, the fourth day of July, the twenty-fifth day of December, or any day of Thanksgiving appointed by the president of the United States or by the governor of this state." The appellees insist that this section relates solely to the appearance of parties to litigation, and does not, even by implication, forbid other judicial procedure. The section in terms refers only to civil actions or special proceedings. There is nothing in its

language that seems to prevent a defendant in a criminal action from being required to appear on any of the specified days. This would indicate most strongly that these days are not to be classed with Sunday as *dies non.* If the parties choose to appear at such times, we are not inclined to hold that no valid proceedings can be had in a civil case. If it had been the legislative intent to prohibit the transaction of judicial business on either of the days mentioned, we think they would have been coupled with Sunday in section 191. If, then, judicial business can be lawfully done on the fourth day of July, the subpoena was not void merely because it summoned plaintiff to appear on that day. Was it void because there was no such action as therein named pending before the justice; and, if so, was plaintiff justified in disobeying it? Section 3671, Code 1873, provides that "the clerks of the several courts" (and a justice is expressly made clerk of his own court, section 3633) "shall, on application of any person having a cause or any matter pending in the court, issue a subpoena," etc. We take it that the pendency of some proceeding in court is necessary in order to warrant the issuance of process for witnesses. There being no case pending in this instance, the justice had no authority to issue a subpoena for a witness. The subpoena having been issued without authority, plaintiff was justified in disobeying it. *Dudley v. McCord,* 65 Iowa, 671; *State v. District Court* (Mont.), 53 Pac. Rep. 272; *Clark v. Burke,* 163 Ill. Sup. 334 (45 N. E. Rep. 235); *Railway Co. v. Wear,* 135 Mo. Sup. 230 (36 S. W. Rep. 357); *In re McCain,* 9 S. D. 57 (68 N. W. Rep. 163); *Ex parte Rowland,* 104 U. S. 604; *Brown v. Moore,* 61 Cal. 432.

III. But it is suggested, if not claimed by appellees, in argument, that the subpoena was not issued to procure testimony in a case pending in court, but that the justice was proceeding under section 3692 of the Code of 1873. The section mentioned in substance provides that, when a person is desirous of obtaining the affidavit of another who is unwilling to make the same, he may apply

by petition to any officer authorized to take depositions, stating the object for which he desires such affidavit. Other sections, following, provide further in the matter. The ground of this claim on the part of counsel for the defense seems to be the following affidavit, which was filed with the justice:

"State of Iowa, Dubuque County—ss.: I, M. C. Lane, of the county of Pepin and state of Wisconsin, being first duly sworn, do depose and say that I am employed by the Milwaukee & St. Paul Railroad Company as claim agent; that said company has a certain claim in adjustment whereby it is absolutely necessary to have papers served on the 4th day of July, 1893, to get service on the defendant in an action wherein Sarah Jane Galloway is plaintiff and the Chicago, Milwaukee & St. Paul Railroad Company is defendant; that in said action it is necessary to serve papers and notice on this date to get legal service as per affidavit. Sworn to by M. C. Lane, Claim Agent for the Milwaukee Railroad Company.

"State of Iowa, Dubuque County—ss.: Sworn to before me this 4th day of July, 1893, Henry Oehler, J. P."

This document cannot, by the most liberal interpretation, be held to be proper, or, indeed, any foundation for obtaining an involuntary affidavit. It does not even pretend to be a request for assistance in getting testimony. It shows upon its face that there was no action pending; that no service had been had on the defendant named. In such case a justice lacks jurisdiction to compel the making of an affidavit. *Dudley v. McCord, supra.* The justice being without jurisdiction, if he acted corruptly or with malice he is liable. We think the positive evidence offered, together with the circumstances, were sufficient to take the case against the justice to the jury. See *Heath v. Half-hill*, 106 Iowa, 131, and cases cited. As to the other defendants, they acted under writs apparently regular. The service of the subpoena did not harm plaintiff, and the contempt proceeding upon which the warrant or attachment issued was

within the jurisdiction of the justice, however ill-founded it may have been. Evidence of a conspiracy is wholly lacking. The judgment in favor of these officers appears to be fully warranted. Our conclusion is that as to the defendants Wessel and Meyers the judgment of the district court should be AFFIRMED, and as to the other defendant it must be REVERSED.