CRENSHAW v. MILLER et al.

(Circuit Court, M. D. Alabama. November 1, 1901.)

AFFIDAVITS—POWER TO COMPEL MAKING—FEDERAL COURTS.

A federal court or judge has no authority to appoint a commissioner to require persons having knowledge of relevant facts to make affidavits to such facts for use on an application for the appointment of a receiver because such persons refuse to make affidavits voluntarily. The power to compel testimony by deposition does not extend to ex parte statements.

In Equity. On petition for appointment of commissioner to take affidavits.

John M. Chilton, for petitioner.

SHELBY, Circuit Judge. This case, which is a bill in equity to settle a partnership, has been set down for hearing on a motion to appoint a receiver. Pending that motion the complainant presents his petition, alleging that "there are persons residing in the

state of Georgia whose evidence is very material to your petitioner, on the hearing of said application (the motion to appoint a receiver), but who refused to give voluntary affidavits containing the facts within their knowledge." It is further alleged that there is not time sufficient before the hearing of the motion to take the depositions of the persons referred to. It is prayed that a special master commissioner be appointed to take the affidavits of the persons who are unwilling to furnish voluntary statements. The purpose is not to have a master or commissioner appointed to take their depositions, but he is to proceed to require the witnesses to make ex parte statements.

It is the practice to sustain an application for the appointment of a receiver by affidavits. 2 Bates, Fed. Eq. Proc. § 588. Affidavits are received in evidence both to sustain and to resist the motion. Such affidavits are obtained usually without notice to the opposing party. The question presented by this petition is whether it is proper for a judge of this court to make an order authorizing a commissioner to require persons having knowledge of relevant facts to make affidavits to such facts. An affidavit is usually understood to be a voluntary statement. Ordinarily, when witnesses are compelled to testify, the proceeding is not ex parte; both parties to the suit are permitted to propound questions. No authority is submitted to me by counsel where the court or a judge has delegated authority to a commissioner or officer to require persons to make affidavits. There is no statute of the United States authorizing such procedure. A commissioner appointed for such purpose could only proceed by propounding questions or permitting counsel to propound them. This would be in effect taking a deposition, and, of course, to make it legal, the notice required by law should be given. The distinction between an affidavit and a deposition is that the former is ex parte and voluntary, and the latter is made after notice, and is compulsory. An affidavit is a voluntary, ex parte statement, formally reduced to writing and sworn to or affirmed before some officer authorized by law to take it. If the witness is subpoenaed, sworn, and required to answer, his evidence reduced to writing is his deposition, and it could only be legally taken on notice with the right of cross-examination. In Iowa, and perhaps in other states, there is a statute providing a mode for obtaining affidavits in pending cases by issuing a subpoena for the witness, and, if he fails to make a full affidavit of the facts known to him, his deposition is taken ex parte and used as an affidavit. Dudley v. McCord, 65 Iowa, 671, 22 N. W. 920. In Bacon v. Magee, 7 Cow. 515, a motion was made for a rule to compel one Wilson, who had knowledge of relevant facts, to make an affidavit. The court said that it was not aware of any precedent for such a rule, though there must have been frequent occasions for it. "The uniform course in relation to these summary applications," said the court, "has been to trust to voluntary affidavits; and the want of power to coerce them has often been urged in argument without contradiction as a defect in this kind of proceeding. We do not think we have power to make the rule applied for." Whether or

not there are other modes of procedure that would secure the evidence of the unwilling witnesses is a question not now to be considered.

The application is denied.