TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

ROB BONTA
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 23-401 |
| of | : | |
| | : | August 9, 2024 |
| ROB BONTA | : | |
| Attorney General | : | |
| | : | |
| SUSAN DUNCAN LEE | : | |
| Deputy Attorney General | : | |

The HONORABLE VERN PIERSON, EL DORADO COUNTY DISTRICT ATTORNEY, has requested an opinion on a question relating to criminal grand juries.

**QUESTION PRESENTED AND CONCLUSION**

May prosecutors lawfully issue criminal grand jury subpoenas for witnesses to appear at a future grand jury proceeding where the grand jury that will hear their testimony has not yet been impaneled?

Yes, prosecutors may lawfully issue criminal grand jury subpoenas for witnesses to appear at a future grand jury proceeding where the grand jury that will hear their testimony has not yet been impaneled. The prosecutor's subpoena power and the court's enforcement power exist regardless of whether the grand jury has been impaneled.

**BACKGROUND**

The California Constitution and the Penal Code provide that at least one grand jury shall be drawn and impaneled each year in each county.[1] Penal Code section 904.6

_____

[1] See Cal. Const., art. I, § 23; Pen. Code, § 905; see generally Pen. Code, pt. 2, tit. 4, § 888 *et seq.* (grand jury proceedings).

1

provides that the superior court in each county may also impanel a second grand jury, upon the request of the Attorney General or the District Attorney, or on the court's own motion. When a second grand jury is formed pursuant to section 904.6, it has "sole and exclusive jurisdiction" to return criminal indictments.[2] A criminal grand jury's functions include reviewing evidence presented by prosecutors, hearing testimony from witnesses, and determining whether probable cause exists to indict a defendant on criminal charges.[3]

Our requestor is the El Dorado County District Attorney. He informs us that in his county, the superior court has elected not to have a standing section 904.6 criminal grand jury, but instead to impanel a criminal grand jury for limited times, as needed. In response, the district attorney's office plans several criminal grand jury matters in advance of the grand jury's impanelment, and then asks the court to assemble a criminal grand jury during a specific time range. When the court confirms the dates of the next section 904.6 criminal grand jury session, but before the grand jurors are impaneled, the district attorney issues subpoenas. According to the district attorney, there is a "good-faith disagreement" among prosecutors about the issue, and the district attorney now asks for our view as to whether this practice is permissible. As discussed in more detail below, we conclude that it is.

## ANALYSIS

Prosecutors play a central role in criminal grand jury proceedings. District attorneys may at all times appear before the grand jury for the purpose of giving information or advice on matters cognizable by the grand jury, and may question witnesses whenever they think it necessary.[4] In addition to summoning the witnesses and gathering other evidence for a particular grand jury investigation (such as physical evidence, recordings, documents, reports, etc.), the prosecutor presents the criminal grand jury with that evidence and asks the grand jurors to consider issuing an indictment against one or more persons based on the evidence and law presented. A prosecutor is also responsible for providing legal guidance to the grand jury, by presenting the applicable legal standards and helping to ensure that the grand jurors understand the law.[5] The relationship between a prosecutor and a grand jury is functionally collaborative, but the grand jury has exclusive power to make its decisions independently of the prosecutor.[6]

---

[2] Pen. Code, § 904.6, subd. (d) (grand jury shall have sole and exclusive jurisdiction to return indictments).

[3] See Pen. Code, §§ 925-939.8 (powers and duties of grand juries).

[4] Pen. Code, § 935; see 107 Ops.Cal.Atty.Gen. 86, 88 (2024).

[5] 107 Ops.Cal.Atty.Gen., *supra*, at p. 88.

[6] Pen. Code, § 939 (grand jury sessions private for deliberation and voting); see generally

(continued…)

2

23-401

The subpoena is the instrument by which witnesses are compelled to appear in a legal proceeding.[7]  When properly served, a facially valid subpoena carries all the potential force of the judicial system behind it.[8]  "Every citizen has an obligation to comply" with a subpoena to attend a grand jury.[9]  Prosecutors have broad general statutory power to subpoena witnesses to appear in support of criminal prosecutions.[10]  Prosecutors also have specific statutory power to subpoena witnesses to appear at grand jury proceedings.  Penal Code section 939.2, the grand jury statute that discusses subpoenas, provides:

> A subpoena requiring the attendance of a witness before the grand jury *may be signed and issued by the district attorney*, [the district attorney's] investigator or, upon request of the grand jury, by any judge of the superior court, for witnesses in the state, in support of the prosecution, *for those witnesses whose testimony, in [the district attorney's] opinion is material in an investigation before the grand jury*, and for such other witnesses as the grand jury, upon an investigation pending before them, may direct.[11]

Given that the language of section 939.2 contains no temporal limitation, it appears to allow prosecutors to issue criminal grand jury subpoenas at any time.   But, according to our requestor, some prosecutors have raised a concern that case law precludes California prosecutors from subpoenaing witnesses in advance to appear before a yet-to-be-impaneled grand jury.  Specifically, in 1935, the Court of Appeal in *In re Peart* construed Penal Code section 939.2's predecessor statute as requiring prosecutors to have the grand jury's approval before subpoenaing a witness to appear.[12]  As we

---

*Johnson v. Superior Court* (1975) 15 Cal.3d 248, 254-255 (historic role of grand jury is to stand as buffer between prosecutor and people); *Williams v Superior Court of San Joaquin County* (2019) 38 Cal.App.5th 1022, 1028-1029, 1033 (discussing grand jury as buffer, and need for structural independence from prosecutor).

[7] Black's Law Dictionary (11th ed. 2019).

[8] See *Sullivan v. State Board of Control* (1985) 176 Cal.App.3d 1059, 1063 (subpoena implicates judicial process of court to compel).

[9] *Branzburg v. Hayes* (1972) 408 U.S. 665, 682 fn. 6.

[10] Pen. Code, § 1326, subd. (a) ("The process by which the attendance of a witness before a court or magistrate is required is a subpoena.  It may be signed and issued by any of the following: . . .  (2)  The district attorney, their investigator or, upon request of the grand jury, any judge of the superior court, for witnesses in the state, in support of an indictment or information, to appear before the court in which it is to be tried.")

[11] Italics added.

[12] *In re Peart* (1935) 5 Cal.App.2d 469, 473-474 (1935).

understand it, some have argued that this holding, which has never been judicially overruled, may prevent district attorneys from subpoenaing witnesses until after a criminal grand jury has been impaneled. We disagree.

The issue in *Peart* was whether a district attorney could issue subpoenas to compel the attendance of witnesses when the grand jury had not directed the district attorney to do so.[13] *Peart* noted that, under the statutes existing at that time, the duties of a prosecutor with respect to a grand jury were merely to "attend upon" and "give advice" to a grand jury, not to coordinate or initiate the grand jury's investigations.[14] Moreover, under former Penal Code section 1326, subpoenas were to be signed and issued by the district attorney "for such witnesses as the grand jury, upon investigation pending before them, may direct."[15] Given that statutory language, *Peart* held that a district attorney could not issue grand jury subpoenas unless directed to do so by the grand jury.[16]

First, as we have previously observed, in the wake of *Peart*, former section 1326 "was immediately amended to 'overrule'" that decision and provide the district attorney with the authority that the court found lacking.[17] Specifically, the Penal Code was amended to grant district attorneys clear independent authority to subpoena "those witnesses whose testimony, in his [the district attorney's] opinion is material in an investigation before the grand jury . . . ."[18]

But while the requestor acknowledges broad agreement among prosecutors that the post-*Peart* legislative amendments mean that a district attorney no longer needs the grand jury's *permission* to issue subpoenas on its behalf, there remains a question as to whether the grand jury must at least be *impaneled* before the district attorney may do so. We acknowledge the distinction drawn here, but conclude it is of no moment. First, nothing in the amended or current statute, or in any other statute, confines the prosecutor's subpoena power as it exists post-*Peart* to periods when a criminal grand jury

---

[13] *In re Peart*, *supra*, 5 Cal.App.2d at pp. 473-475.

[14] *Ibid.*

[15] *Ibid.*

[16] *Ibid*.

[17] 74 Ops.Cal.Atty.Gen. 186, 187-188 (1991).

[18] Stats. 1937, ch. 215, § 1 (former Pen. Code § 1326 amended to state that district attorney may issue subpoenas "for those witnesses whose testimony, in his opinion, is material in an investigation before the grand jury . . . ."); current § 939.2 ("for those witnesses whose testimony, in his opinion, is material in an investigation before the grand jury"); see Beale, et al., Grand Jury Law and Practice, (2d ed., December 2023 update), § 6.2 and fn. 4 (*Peart* apparently overridden by subsequent amendment to statute).

is impaneled.[19]  This is not surprising.  If the prosecutor does not need a particular grand jury's permission or approval to issue a subpoena in the first instance, there is no apparent utility or justification for requiring the prosecutor to wait until a particular grand jury is impaneled before issuing it, especially when doing so in advance will facilitate presenting matters to that grand jury once it is impaneled.

The request also points to a passage from *Peart* in which that court—in response to the petitioner's claim that he was unlawfully confined for disobeying a subpoena when there was no investigation before the grand jury—cited the following language from the 1899 Iowa case of *Chambers v. Oehler et al.*:

> We take it that the pendency of some proceedings in court is necessary in order to warrant the issuance of process for witnesses.  There being no case pending in this instance, the justice had no authority to issue a subpoena for a witness.  The subpoena having been issued without authority, plaintiff was justified in disobeying it.[20]

This passage does not alter our analysis or conclusion.  Again, the controlling California Penal Code provisions place no temporal limits upon a prosecutor's issuance of a grand jury subpoena to a witness that the prosecutor intends to testify before a grand jury that is later impaneled.  In any event, a closer reading of *Chambers v. Oehler* reveals that the improperly-issued subpoena in that case required the witness's appearance at a date and time when there was no action pending before the justice who issued it.  That holding has no bearing on the lawfulness of the practice at issue here, which contemplates that the witness will appear before an impaneled grand jury in relation to a matter that is properly before that grand jury by the time the witness appears.[21]

And if, for some reason, the criminal grand jury is *not* impaneled by the time the witness has been called to appear, or the matter to which the witness's testimony pertained has not come before a sitting grand jury by that time, then the witness could make a motion in the superior court to quash the subpoena, giving reasons why the

---

[19] See generally *People v. Perez* (1989) 207 Cal.App.3d 431, 436-437 (nothing in statutory scheme precludes use of on-call procedure for subpoenaed witness).

[20] *In re Peart*, *supra*, 5 Cal.App.2d at p. 476, quoting *Chambers v. Oehler et al.* (1899) 107 Iowa 155 [77 N.W. 853].

[21] Grand juries have independent power to ask the court to subpoena witnesses, as well as power to question witnesses on their own initiative.  (Pen. Code, §§ 939.2, 1326; see *McGill v. Superior Court* (2011) 195 Cal.App.4th 1454, 1464.)  Although a subpoena that emanates from the superior court *at the grand jury's request* plainly contemplates a sitting grand jury, the prosecutor's power to issue subpoenas is not so constrained.

5

subpoena should not be enforced.[22]  But even in that event, the power either to quash or enforce a grand jury subpoena lies in the superior court alone.  The grand jury itself is entirely outside the enforcement process, so whether a specific grand jury is impaneled is immaterial to a subpoena's enforcement.[23]  In our view, the fact that a sitting grand jury is not needed to enforce a subpoena provides additional evidence that the Legislature does not require there to be a sitting grand jury before the prosecutor may issue one in the first instance.

Before leaving the subject entirely, we note that several federal courts have expressly endorsed the practice of issuing subpoenas in advance of the grand jury being convened.[24]  And it appears that most States permit the practice as well.[25]  While California's Penal Code does not authorize the practice in express affirmative terms, we believe for the reasons discussed above that the controlling statutes authorize prosecutors to issue criminal grand jury subpoenas without regard to the impanelment of a particular

---

[22] See *Southern Pac. Co. v. Superior Court* (1940) 15 Cal.2d 206, 210 (witness has right to have validity of subpoena adjudicated before giving testimony); *Los Angeles Times v. Superior Court* (2003) 14 Cal.App.4th 247, 248 (contest to subpoena is by motion to quash); *People ex rel. DPW v. Younger* (1970) 5 Cal.App.3d. 575 (contest to subpoena is by motion to quash).

[23] The grand jury itself is not a freestanding judicial body, but rather an arm of the court that convenes it.  "There is no doubt that a grand jury is part of the court by which it is convened, and that it is under the control of the court."  (*In re Gannon* (1886) 69 Cal. 541, 543; see *Dustin v Superior Court* (2002) 99 Cal.App.4th 1311, 1322; see generally *Levine v. United States* (1960) 362 U.S. 610, 617.)  Although grand juries function with independence and secrecy in pursuing their investigations, a grand jury is always subject to the superior court's general supervision.  (See *Board of Retirement v. Santa Barbara County Grand Jury* (1997) 58 Cal.App.4th 1185; see generally 20A Cal.Jur.3d Criminal Law: Pretrial Proceedings (April 2024 update), § 706.)

[24] See, e.g., *In re Grand Jury Proceeding* (1st Cir. 1981) 568 F.2d 782, 783-784; *United States v. Kleen Laundry & Cleaners, Inc.* (E.D.N.Y. 1974) 381 F. Supp. 519, 523; *United States v. Culver*  (D. Md. 1963) 224 F. Supp. 419, 432; see also San Luis Obispo County District Attorney Dan Dow, letter to Attorney General's Office, June 22, 2023.

[25] Beale et al., Grand Jury Law and Practice, *supra,* § 6.2 and fn. 4 (at least 48 states permit prosecutors to issue subpoenas before jury is impaneled).  Issuing early subpoenas helps to ensure that key witnesses will be available when the grand jury assembles, preventing delays for all concerned, and helps ensure that valuable evidence is captured and preserved, which might be lost if the subpoena were delayed until the grand jury convened; early subpoenas can be especially important in complex cases, allowing prosecutors additional time to investigate and assemble a complex set of facts before presenting witnesses to the grand jury.  (*Ibid.*)

6

grand jury, so long as the grand jury will be impaneled to hear the relevant matter by the time the witness must appear before it.

For all the above reasons, we conclude that prosecutors may lawfully issue criminal grand jury subpoenas for witnesses to appear at a future grand jury proceeding where the grand jury that will hear their testimony has not yet been impaneled.