Per Curiam.

The act of the defendant below, for which he was sued, was for adjudging the plaintiff in default in not working on the highway, as required by law; and for complaining to a magistrate, and causing a warrant of distress to be issued in pursuance of the act to regulate highways. (Sess. 24. c. 186. s. 11.) But the defendant was not answerable, in a private action, for any error of judgment in the execution of his trust, as an overseer of the highway. He is only responsible for any neglect or refusal, under the 11th section of the act, which subjects him, in such case, to a penalty. This seems to be the opinion of the court in the case of Bouton v. Neilson. (3 Johns. Rep. 474.) Perhaps his proceedings might have been reviewed on a certiorari, and set aside if not well founded. But a private suit will not lie against an overseer of highways, for adjudging a party in default, and making his complaint. It will lie only in the cases provided in the statute.
Judgment rever,sed.