LEVI M. STEWART *vs.* GROVE B. COOLEY, impleaded, etc.

February 9, 1877.

**Complaint against Judge for Conspiring with Others to Maliciously Prosecute Plaintiff.**—A complaint which alleges that on, etc., at, etc., the defendants, six in number, "contriving and maliciously intending to injure plaintiff in his good name, etc., and to bring him into public scandal and disgrace, and to cause him to be imprisoned, etc., wilfully and maliciously conspired together to cause plaintiff to be charged with, complained of, and arrested and imprisoned for, the crime of perjury, without probable cause, as hereinafter set forth;" followed by proper averments, showing that, in pursuance of such conspiracy, a criminal complaint, charging such offence against plaintiff, was made by one of the defendants before defendant C., then being a municipal judge, who issued a warrant thereon, upon which plaintiff was

arrested, etc., and also showing that the other defendants named did other acts in aid of the common purpose, to plaintiff's damage, etc., states a cause of action

**Exemption of Judges from Civil Action for Judicial Acts.**—For acts done in the exercise of judicial authority, clearly conferred, no judge or officer can be held liable to any one in a civil action. This immunity rests upon the principle that the free exercise of judicial functions, uninfluenced by any fear of consequences personal to the officer, is essential to the best interests of society.

**Admissions made on Argument must Appear of Record, and not Merely in Opinion of Court.**—In determining the character and effect of an allegation in a pleading, an admission claimed to have been made by counsel on the argument of the demurrer in the court below, but not of record, cannot be considered in this court. A statement by the court, in its opinion, that such an admission was made, is insufficient to make it part of the record, so as to affect the pleading.

This action was brought in the court of common pleas of Hennepin county, against the defendant Cooley, judge of the municipal court of the city of Minneapolis, the defendant Davenport, clerk of that court, and others. In his complaint, the plaintiff, after stating that he is an attorney-at-law, etc., and has always borne a good reputation, etc., alleges that the defendants, contriving and maliciously intending to injure him, etc., on October 7, 1875, at the city of Minneapolis, "wilfully and maliciously conspired together to cause said plaintiff to be charged with, complained of, and arrested and imprisoned for, the crime of perjury, as hereinafter set forth." The complaint then alleges that, at the time and place before mentioned, the defendant Nash went before the defendants Cooley and Davenport, the judge and clerk of said municipal court, and subscribed and swore to a complaint, in writing, which is set forth in hæc verba, and charges plaintiff with perjury in an affidavit for an attachment in a suit by one Bogardus against defendant Nash; that thereupon the defendants Cooley and Davenport issued the warrant of the said court for plaintiff's arrest on the charge of perjury contained in the complaint; that on the same day the plaintiff was arrested upon said warrant, and taken before said court for examination, when plaintiff moved that he be discharged and the

complaint dismissed, because said complaint failed to state a cause of action ; that thereupon the court, having heard the motion, adjourned the examination until the next day, and on the next day the defendant Cooley, municipal judge, denied the motion, and again adjourned the examination until the day following, at which adjourned day the plaintiff was present before said court, ready for examination on the charge contained in said complaint against him ; that at said time and place the defendant Nash was not present, but refrained from being present, and the defendants Cooley and Davenport, judge and clerk as aforesaid, refrained from taking any steps or process to procure the attendance of said Nash ; that thereupon, at said time and place, the defendant Cooley, as municipal judge, discharged the plaintiff from arrest, and dismissed the complaint, on the ground of the failure of Nash, the complaining witness, to appear ; that the other defendants, being attorneys-at-law, counselled, aided, abetted, and procured the committing of the several acts and grievances aforesaid, each and every of which said acts of the defendants, and each of them, were malicious, and without probable cause ; that plaintiff has been damaged thereby to the amount of $10,000, for which sum he asks judgment. To this complaint the defendant Cooley demurred. The demurrer was sustained by *Young,* J., and plaintiff appealed.

*D. A. Secombe,* for appellant.

*Lochren, McNair & Gilfillan,* for respondent.

CORNELL, J. Eliminating from the complaint the averments " that defendants, on, etc., at, etc., wilfully and maliciously conspired together to cause the said plaintiff to be charged with, complained of, and arrested and imprisoned for, the crime of perjury, as hereinafter set forth, and that, in pursuance of the said conspiracy," the thereinafter recited acts were done, we find no difficulty whatever in agreeing with the court below that no cause of action is stated against the defendant Cooley.

The reception of the complaint, the issue of a warrant thereon, the decision upon its sufficiency, and refusal to discharge the prisoner from arrest, his subsequent omission to take any steps to procure the attendance of the prosecuting witness, and dismissal of the action for want of prosecution, were all acts and omissions done and omitted in his capacity of judge, in the performance and discharge of judicial duties, in a matter and proceeding clearly within the criminal jurisdiction of the municipal court of which he was judge. No private action could be maintained upon any of these acts, decisions, or omissions, however erroneous they may have been, or by whatever motives prompted. An independent judiciary is justly regarded as essential to the public welfare and the best interests of society. Hence, the doctrine has become settled that, for acts done in the exercise of judicial authority, clearly conferred, an officer or judge shall not be held liable to any one in a civil action, so that he may feel free to act upon his own convictions, uninfluenced by any fear or apprehension of consequences personal to himself. *Yates* v. *Lansing*, 5 John. 282 ; s. c., 9 John. 394 ; *Rochester White Lead Co.* v. *City of Rochester*, 3 N. Y. 463 ; *Stewart* v. *Hawley*, 21 Wend. 552 ; *Weaver* v. *Devendorf*, 3 Denio, 117 ; *Harman* v. *Brotherson*, 1 Denio, 537 ; *Wilson* v. *Mayor, etc., of New York*, 1 Denio, 595 ; *Randall* v. *Brigham*, 7 Wall. 523 ; *Bradley* v. *Fisher*, 13 Wall. 335.

While we are thus clear that none of the specific acts charged in the complaint, taken singly or together, furnished any ground for a civil action, or even any evidence sufficient to support the allegations of conspiracy in the complaint, we cannot concur with the court below in holding the conspiracy averments hereinbefore quoted as merely formal and immaterial allegations. Under them it would have been competent, on the trial, to prove that, prior to the institution of the criminal proceedings, the defendant Cooley and the other defendants met together, and maliciously and without probable cause actually entered into

an agreement and conspiracy with each other to prosecute plaintiff for perjury, for the sole purpose of bringing him into disgrace, and subjecting him to arrest and imprisonment; and that each and all the acts charged to have been done by the defendants, respectively, were done solely in pursuance of this agreement, and to carry out this common purpose, and not otherwise. It cannot be doubted that such a conspiracy, previously formed, and carried out by such a gross perversion and abuse of legal process and proceedings, would subject all the parties engaged in it to liability to the party injured and aggrieved. The act of entering into such an agreement was not done in the course of any judicial proceeding, or in the discharge of any judicial function or duty.

In the opinion given by the court below, in sustaining the demurrer, it is stated that, though the complaint alleges that the parties conspired to do the wrongful acts complained of, "it was admitted on the trial that this was but a formal allegation, and that the action was in fact one for false imprisonment." We have no reason to doubt that such was the understanding of the court below, and the basis of its decision. We can only regret that the admission was not made a matter of record in the cause at the time, in such manner as to have operated as an amendment of the complaint in conformity with the admission. Inasmuch as this was not done, and as counsel for plaintiff denies the admission in this court, and insists upon the determination of the case upon the record before us, we can only look to the complaint and the demurrer, and not to the opinion, to ascertain whether a cause of action is stated or not. The demurrer should have been overruled.

Order reversed.