LEVI M. STEWART vs. SWEET W. CASE et al.

Argued April 17, 1893.   Decided April 24, 1893.

**Assessors not Civilly Liable for Official Acts.**

The rule exempting judicial officers from civil actions for their decisions and acts in that capacity, however erroneous and by whatever motive prompted, extends to assessors in assessing property for taxation.

Appeal by plaintiff, Levi M. Stewart, from an order of the District Court of Hennepin County, *Thomas Canty,* J., made October 1, 1892, sustaining a demurrer to the second, third and fourth causes of action stated in the complaint.

The plaintiff, by his complaint, stated for a second cause of action that in 1886 he was the owner of certain lots in block eighty-two (82) in Minneapolis; that the defendant Sweet W. Case was assessor, and the defendant William B. Jones was assistant assessor of the city; that they wrongfully conspired for the purpose, and with the intent to injure, cheat and defraud him, and to assess, and in pursuance thereof did in that year assess. his said property at the sum of $173,100. That such assessment was excessive, and an overvaluation of at least $50,000. That this was done without his knowledge or consent, and that he was compelled thereby to pay and did on May 30, 1887, pay $865 in excess of what he should have legally and justly paid as taxes upon said property. That plaintiff did not discover the facts until after he had paid the money, and that he thereby sustained damages in said last-mentioned sum.

The third and fourth causes of action were for a similar conspiracy and overvaluation of other lots in said city owned by plaintiff, whereby he was compelled to and did pay $1,040 in excess of what he should have legally and justly paid as taxes thereon, to his further damage said last-mentioned sum. He demanded judgment for these sums with interest.

The defendants demurred to these causes of action, and the demurrer was sustained, and plaintiff appealed.

*F. F. Davis,* for appellant.

A civil action will lie whenever the plaintiff is aggrieved or damnified by unlawful acts done by the defendants in pursuance of a combination and conspiracy for that purpose. A simple conspiracy, however atrocious, unless it results in actual damage to the party, is not the subject of a civil action; but if the conspiracy be carried into execution and damage ensues, the damage is the ground of the action. *Herron* v. *Nichols,* 25 Cal. 556; *Hutchins* v. *Hutchins,* 7 Hill, 104; *Kimball* v. *Harman,* 34 Md. 407; *Savile* v. *Roberts,* 1 Ld. Raym. 378; *Buffalo Lubricating Oil Co.* v. *Everest,* 30 Hun, 586; *Tappan* v. *Powers,* 2 Hall, 277.

The essence of a conspiracy, so far as it justifies a civil action for damage, is a concert or combination to defraud, or to cause either injury to person or property which actually results in damage to

the person or property of the person injured or defrauded. *Place* v. *Minster,* 65 N. Y. 89; *Page* v. *Parker,* 43 N. H. 363; *Wiggins* v. *Leonard,* 9 Iowa, 194; *Whitman* v. *Spencer,* 2 R. I. 124; *Walsham* v. *Stainton,* 33 L. J. Ch. 68; *Smith* v. *Nippert,* 76 Wis. 86; *Haldeman* v. *Martin,* 10 Pa. St. 370; *Laverty* v. *Vanarsdale,* 65 Pa. St. 507.

It is. no answer to say that he could have declined to pay, contested the same, and possibly have relieved himself on defense in an action for delinquent taxes, for the allegations of the counts clearly disclose that it was only long after the money had been paid, that he ascertained the fact that what he did pay was excessive in amount.

If it be conceded that the defendants were *quasi* judicial officers, and that when they committed the acts, they were acting within the scope of their duties, still they would be liable. It is a rule supported by many most respectable courts and authorities that one, acting from impure or corrupt motives, cannot shield himself behind the claim that he is a judicial officer, and therefore absolutely relieved from responsibility for any course of conduct. *Morgan* v. *Dudley,* 18 B. Mon. 693; *Kendall* v. *Stokes,* 3 How. 87; *Burton* v. *Fulton,* 49 Pa. St. 151; *Baker* v. *State,* 27 Ind. 485; *Seaman* v. *Patten,* 2 Caines, 312; *Downer* v. *Lent,* 6 Cal. 94; *Wasson* v. *Mitchell,* 18 Iowa, 153; *Rail* v. *Potts,* 8 Humph. 224; *Cope* v. *Ramsey,* 2 Heisk. 197; *Walker* v. *Hallock,* 32 Ind. 239; *Gault* v. *Wallis,* 53 Ga. 675; *Howe* v. *Mason,* 14 Iowa, 510; *Londegan* v. *Hammer,* 30 Iowa, 508.

A line of authorities of which *Stewart.* v. *Cooley,* 23 Minn. 347, is an example, lays down the general doctrine that one clothed with judicial powers cannot be held liable in a civil suit at the instance of an individual, for erroneous action, no matter by what motive it is alleged said action was prompted. This doctrine had its inception in a disposition of the courts to maintain the dignity and sanctity of judges and judicial tribunals. To extend it to assessors is a misconstruction of its purpose, an enlargement of its scope, and the wresting of a legal principal to an end never contemplated by its originators. In *Yates* v. *Lansing,* 5 John. 283, Chief Justice Kent made a most careful examination of the earlier authori-

ties, and cites both cases and opinions of distinguished jurists in support of his position. In this leading case is collected all the law upon the subject which preceded it. The eminent judge does not even suggest an extension of the principle beyond courts, jurors and grand jurors.

In *Randall* v. *Bingham*, 7 Wall. 523, the Supreme Court of the United States confronted this vexed question. In the brief of the defendant in error in that case, were collected all the English cases upon the subject from the year 1354. See note, p. 534. That court does not undertake to extend the doctrine beyond courts and judges. *Bradley* v. *Fisher*, 13 Wall. 335.

In *Wilson* v. *Mayor of New York*, 1 Denio, 595, and *Weaver* v. *Devendorf*, 3 Denio, 117, the rule in New York seems to have been first broadened so as to embrace others than judges or courts, even an assessor, but they do not cite a single authority to sustain the position. In *Rochester White Lead Co.* v. *City of Rochester*, 3 N. Y. 463, the same loose statement is made as to the breadth of the rule, and not a single authority is cited by the court in support of its position.

*Robert D. Russell,* for respondents.

Judicial officers are not liable in civil actions brought against them personally, for damages resulting from acts performed by them in the exercise of their judgment or discretion, in the performance of duties imposed upon them by law. *Stewart* v. *Cooley,* 23 Minn. 347.

An assessor, in making assessments, acts as a judicial officer and the rule is applicable to him. *Rochester White Lead Co.* v. *City of Rochester*, 3 N. Y. 463; *Wilson* v. *Mayor of New York*, 1 Denio, 595; *Weaver* v. *Devendorf*, 3 Denio, 117; *Barhyte* v. *Shepherd*, 35 Minn. 238; *Western Railroad Co.* v. *Nolan*, 48 N. Y. 513; *Hemingway* v. *Inhabitants of Machias*, 33 Me. 445; *Stickney* v. *Bangor*, 30 Me. 404; *Baker* v. *Allen*, 21 Pick. 382; *Durant* v. *Eaton*, 98 Mass. 469; Cooley, Taxation, 549, 553.

GILFILLAN, C. J. The defendants were assessor and assistant assessor of the city of Minneapolis. In each of several counts as a

cause of action the complaint alleges that the defendants, acting in such capacities, wrongfully, unlawfully, willfully, and maliciously conspired, confederated, and agreed together with intent to injure the plaintiff, and to assess, and did so assess, certain of his real estate at certain sums, which it alleges to have been excessive, inequitable, and overvaluation, and that thereby he was compelled to pay, and did pay, for taxes a certain sum in excess of what he ought justly and legally to have paid.

It is unquestionable, and has been from the earliest days of the common law, that a judicial officer cannot be called to account in a civil action for his determinations and acts in his judicial capacity; however erroneous or by whatever motives prompted. This rule and the reason for it are nowhere more clearly and emphatically stated than by Mr. Justice Cornell in *Stewart* v. *Cooley*, 23 Minn. 350. The only question has been as to its application to officers whose duties are largely ministerial only, when they come to perform duties imposed on them in their nature judicial or *quasi* judicial, as is the case with an assessor under the tax laws. When he comes to determine the value of property he exercises a *quasi* judicial function; he must determine it upon his judgment. Judge Cooley, in his work on Taxation, (page 786,) lays it down that the exemption from private actions extends to assessors. If the rule protects such officers at all, it protects them for the same reason and to the same extent as in the case of judges of courts. There are but few decisions in which the question was directly involved. We are not referred to and do not find any holding that the exemption does not extend to such officers as assessors. The cases of *Weaver* v. *Devendorf*, 3 Denio, 117; *Barhyte* v. *Shepherd*, 35 N. Y. 238; *Western Railroad Co.* v. *Nolan*, 48 N. Y. 513; *Baker* v. *Allen*, 21 Pick. 382,—hold that it does extend to them, and other decisions extend the rule to other officers when performing duties requiring the exercise of judgment. See *Harrington* v. *Commissioners of Roads*, 2 McCord, 400; *Freeman* v. *Cornwall*, 10 John. 470; *Sage* v. *Laurain*, 19 Mich. 137; *Van Steenbergh* v. *Bigelow*, 3 Wend. 42; *Burton* v. *Fulton*, 49 Pa. St. 151; *Harman* v. *Tappenden*, 1 East, 555; *Wall* v. *Trumbull*, 16 Mich. 228.

The same reason which justifies the rule of exemption in the case

of judges of courts applies to assessors, when they are determining the value of property for the purposes of taxation. Protection is not extended to the judge for his own sake, but because the public interest requires full independence of action and decision on his part, uninfluenced by any fear or apprehension of consequences personal to himself, except in so far as he may be accountable to the state for the manner in which he shall discharge the duties intrusted to him. It is also for the public interest that assessors, in determining values for purposes of taxation, should possess the same independence. If they were liable to have the considerations upon which they make the valuations impeached at the suit of every dissatisfied property owner, it is doubtful if men fit to hold the office could be induced to take it.

Upon both reason and authority, therefore, we hold that the exemption includes assessors in making assessments to the same extent that it does judges in exercising their judicial functions.

The assessment being unimpeachable in this action, in contemplation of law the alleged agreement or combination to make an excessive assessment, even if in so agreeing defendants were acting outside their *quasi* judicial functions, did not result in any injury to appellant, and without injury the action cannot be maintained. If there were an overvaluation, the law affords another remedy.

Order affirmed.

VANDERBURGH, J., took no part in this decision.

(Opinion published 54 N. W. Rep. 938.)