## William B. Murray vs. W. H. Mills.

Submitted on briefs Nov. 20, 1893.   Affirmed Jan. 2, 1894.

No. 8503.

Jud'cial officer not liable civilly for judicial acts.

A purported judgment of a justice of the peace, which, upon its face, appears to have been rendered and docketed after the expiration of the period of time fixed by 1878 G. S. ch. 65, § 68, within which a justice must render and enter judgment, is absolutely void, and such justice will not be liable in a civil action for damages because of such rendition and entry, no further proceedings on his part being shown.

Appeal by plaintiff, William B. Murray, from an order of the Municipal Court of the City of Minneapolis, *Charles B. Elliott*, J., made May 20, 1892, sustaining a demurrer to the complaint.

The defendant, W. H. Mills, was a Justice of the Peace in the City of Minneapolis.   On October 1, 1892, one Joseph Smith commenced an action before him against Murray to recover pay for labor he claimed to have done for him.   The parties appeared and joined issue and the action was adjourned to October 14, 1892, at which time it was tried before the Justice and submitted for his decision. The Justice did not decide it until October 18, 1892, when he rendered judgment in favor of Murray and against Smith for costs, $3.32.   Smith appealed to the District Court on questions of law alone, where the judgment was reversed, with costs, $16.93, on the ground that the Justice had by his delay lost jurisdiction.   Murray paid these costs and brought this action in the Municipal Court of the

City of Minneapolis against the Justice to recover damages he sustained on account of the delay in entering judgment. He claimed $16.93 costs paid and $25 paid his attorney for services upon that appeal.

The Justice appeared in the Municipal Court and demurred to the complaint and the demurrer was sustained. Thereupon, Murray appealed to this Court.

*Chas. E. Bond,* for appellant.

A Justice of the Peace who renders judgment in a suit before him, after the expiration of the time within which he was by law authorized to render such judgment, is liable to the party thereby damaged. *Dyer* v. *Smith,* 12 Conn. 384; *Piper* v. *Pearson,* 2 Gray 120; *Clarke* v. *May,* 2 Gray 410.

*C. E. Brame,* for respondent.

Murray could have appealed from the judgment of the Justice as well as Smith. He did not, but contested the action in the District Court, and now seeks to recover of the Justice the costs of that contest which was not the result of the wrongful act of the Justice. The Justice comes within the rule laid down by this Court in the case of *Stewart* v. *Case,* 53 Minn. 62; *Evarts* v. *Kiehl,* 102 N. Y. 296.

COLLINS, J. From the allegations of the complaint herein it appears that this defendant was a Justice of the Peace, before whom an action was brought by one Smith against the present plaintiff, Murray. A trial was had, and the cause submitted for determination on October 14, 1892. The Justice rendered a judgment in favor of the defendant and against the plaintiff in that action, for costs. The basis of plaintiff's cause of action herein is that the Justice "did not render, enter, and docket" the judgment until October 18th, —four days after the case was submitted to him,—and because of this plaintiff seeks to recover of the Justice, as damages, the amount of certain costs which he alleges he was obliged to pay in District Court on an appeal by Smith on questions of law alone. The judgment against him was reversed by the district court on the ground, it is alleged, that by failing to render and docket a judgment within three days, as required by 1878 G. S. ch. 65, § 68, the Justice lost

jurisdiction in the case, and therefore had no power to act at all on October 18th.

It is hardly necessary to say that a judicial officer cannot be called to account in a civil action for his acts and decisions in his judicial capacity, however erroneous, or by whatever motives prompted. The rule and the reasons therefor were recently stated by this court in *Stewart* v. *Case,* 53 Minn. 62, (54 N. W. 938.) Or, to put it in different language, the rule is that a person is not liable in a civil action for what he does, or fails to do, as a judicial officer. Appellant's counsel does not question this general doctrine, nor does he claim that it does not apply to a Justice of the Peace in this state, but he contends that the defendant must be excepted and excluded from its operation, because he entered and docketed the judgment after the case had actually been discontinued by his own neglect, and after he had absolutely lost jurisdiction of it. He practically concedes that under the rule the Justice is not liable for his neglect and omission to render a judgment on or before October 17th.

The statute before referred to is imperative in its requirement that a Justice shall render and enter judgment within three days after a cause has been submitted to him for determination, and it has uniformly been so held in other jurisdictions with a similar statutory provision. If judgment is not rendered and docketed within the prescribed period of time, the action falls to the ground; so that in the case at bar, according to the allegations of the complaint, the fact was, and the docket entries disclosed the fact, that the purported judgment was rendered and entered at a time when the Justice had no more power to act than if the action itself had never been brought. The pretended judgment as entered and docketed was void upon its face, and of no effect. It did not injure Smith, against whom it was rendered; nor was it of the slightest benefit to the plaintiff, in whose favor it appeared to be. Unless the Justice should proceed further, either by issuing an execution by virtue of which the debtor's property might be seized, or by issuing a transcript through which a lien on real estate might be acquired, no harm could arise or benefit result by reason of these acts of October 18th. We are agreed that no cause of action was stated in the complaint. A majority of the court base their conclusions upon the fact that the judgment was absolutely void upon its face.

The writer is of the opinion that the order appealed from might well be affirmed upon more comprehensive grounds, but further discussion is unnecessary.

Order affirmed.

(Opinion published 57 N. W. Rep. 324.)