EMILY C. HARRISON v. A. L. REDDEN.

ACTION AGAINST JUDGE—*Advising Person to Leave Jurisdiction*—*Suffi-ciency of Petition*—*Damages.* In a petition filed by a plaintiff against a defendant, it was alleged that the plaintiff was about to commence an action against her husband, who was then within the jurisdiction of the court, for alimony; that he was possessed of real and personal property of the value of $7,000, without any statement where the property was situated or that the defendant was a resident of the state; that the defendant, who was the district judge of the court where the action was about to be commenced, advised the husband to withdraw from the jurisdiction of the court to avoid service of summons, and to dispose of his property; that subsequently she brought her action and obtained service upon her husband and recovered a judgment against him for $1,500; that the execution issued thereon was returned unsatisfied. *Held,* That if the action were intended to be brought against the defendant, in his official position as judge, there could be no recovery, because a judicial officer is not liable in a civil action for any judicial act done in his jurisdiction. *Held, further,* That if it were intended in the action to charge the defendant as a private person only, then there could be no recovery, because of the uncertainty of the plaintiff's damage; the injury complained of being too remote, indefinite and contingent to be capable of being established by legal proof.

*Error from Butler District Court.*

ON the 11th day of January, 1889, *Emily C. Harrison* commenced her action against *A. L. Redden* by filing the following petition:

"The plaintiff, for her cause of action against said defendant, says that she is 60 years of age, is now and for 20 years last past has been a resident of Butler county, Kansas; that on the 11th day of October, 1887, the defendant was a duly-qualified and acting judge of the twenty-sixth judicial district of the state of Kansas, consisting of Butler and Greenwood counties; that said plaintiff was intending to commence an action in the district court of said Butler county against William Harrison, her husband, for maintenance and alimony; that on said date said William Harrison was within the said county of Butler and within reach of a summons from said court; that the said Harrison was then possessed of real es-

tate and personal effects of the value of $7,000; that on the 12th day of October, 1887, she filed her petition in said district court against the said William Harrison; a copy of said petition is hereto attached, marked 'Exhibit A,' and made a part hereof; that on said 12th day of October she caused to be issued by the clerk of said court, in compliance with law, a summons against the said William Harrison, directed to the sheriff of said Butler county to serve; a copy of which said summons with the return thereon is hereto attached, marked 'Exhibit B,' and made a part hereof; that subsequently, and on the 17th day of October, 1887, she caused to be issued by the clerk of said court three several summons for the said William Harrison, directed respectively to the sheriff of Cherokee, sheriff of Greenwood and sheriff of Montgomery counties; copies of which summons, with the returns thereon, are hereto attached, and marked respectively exhibits 'C,' 'D,' and 'E'; that said defendant, A. L. Redden, while judge of said court as aforesaid, did, on the 11th day of October, 1887, upon information which he had theretofore received, notify said William Harrison of the intention and purpose of this plaintiff to commence a suit and proceedings as aforesaid against him, said Harrison, and advised and directed the said Harrison to go away and to leave the said county of Butler and avoid the service of said summons, and directed the said Harrison to inform said defendant of his whereabouts for the purpose and with the intent that said defendant might keep the said Harrison fully advised in the premises; that said defendant, in violation of his official duty, subsequently, and on the 25th and 26th days of October, 1887, from information procured from the records of said court, wrote and informed the said William Harrison of the nature of the suit commenced by this plaintiff against the said William Harrison and of the efforts of said plaintiff to procure service upon said Harrison, and counseled and advised said Harrison not to come back within the jurisdiction of said court, and gave to the said Harrison other counsel and advice of and concerning the matters and differences existing between this plaintiff and said Harrison, and of the suit then pending; that the said defendant, while judge, as aforesaid, also counseled and advised said William Harrison to dispose of his property and place the same beyond the reach of this plaintiff, for the purpose of defeating any recovery that she might obtain against him; that said plaintiff was thereby

delayed and put to great expense, trouble and worry before she was enabled to procure service in the suit against the said William Harrison ; that the said Harrison, in pursuance to the advice and directions of said defendant, disposed of all his property, both personal and real, and placed it beyond the reach of this plaintiff and the process of said court; that the said plaintiff, on the 20th day of June, 1888, filed her petition against the said William Harrison for alimony, upon the same grounds and for the same reasons as the former petition above mentioned, and procured the service upon the said William Harrison; that on the 22d day of October, 1888, the trial was had in said cause, and the plaintiff recovered a judgment against said William Harrison for the sum of $1,500, and the costs of said action, taxed at $———; that on the 22d day of October, 1888, the plaintiff caused an execution to be issued upon said judgment; a copy of said execution and the return [*nulla bona*] thereof is hereto attached, made a part hereof, and marked 'Exhibit F'; that by reason of the wrongful acts of said defendant in notifying said William Harrison to leave the country and avoid service upon him, and in assisting him to accomplish the same, and by reason of the advice given by the defendant while judge, as aforesaid, to said Harrison to dispose of his property, he, the said Harrison, did dispose of his property, for the purpose of preventing this plaintiff from recovering or obtaining any portion thereof, and preventing an execution from being levied thereon, and said execution was therefore returned into court unsatisfied, and this plaintiff has been unable to collect any part of said judgment; that by reason of the premises aforesaid she has been damaged by the wrongful acts of said defendant in the sum of $5,000. Wherefore, she prays judgment against said defendant for the sum of $5,000, and costs of this suit."

On the 14th of February, 1889, a demurrer was filed to this petition, which was subsequently withdrawn. On the 21st of April, 1889, the defendant filed an amended answer. On the 20th of October, 1889, the case was called for trial, and a jury was duly impaneled. When the plaintiff offered a witness to testify in the cause, the defendant objected to the introduction of any testimony, upon the ground that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant.

This motion was sustained, and the action was dismissed at the cost of the plaintiff. The plaintiff excep'ed, and brings the case here.

*J. K. Cubbison,* and *Shinn & Knowles,* for plaintiff in error:

Counsel for defendant in error in the court below relied on the following cases to maintain their theory of *damnum absque injuria: Bradley v. Fuller,* 118 Mass. 242; *Wellington v. Small,* 3 Cush. 145; *The State v. Fry,* 40 Kas. 311. The first two cases were against parties who, either by misrepresentations or other acts, had prevented plaintiff from bringing an action or levying an attachment. From a perusal of the cases, it will appear that Massachusetts has a statute something like our statute of frauds, which limits a party's liability for representations as to another's solvency of financial condition to representations in writing, and we think, under the facts of that case and statutes of that state, that the decision was probably correct, but fail to see the similarity of that case to the one at bar. In that case the defendant owed no duty to the plaintiff, while in this he owed the highest duty known to the law, that of the judge of the court to a litigant. Again, it is said in that case, "It is not alleged that the company was insolvent, or that the plaintiff ever brought suit or attempted to collect his debt." The case of *Penrod v. Morrison,* 2 Penr. & W. 126, is opposed to the above decision, and favors our contentions. In this case we aver the commencement of the suit, the issuing of the summons, the failure, by reason of defendant's interference, to get service, the disposition of the husband's property under the advice of defendant in error, the subsequent suit and judgment, and the inability to collect it by reason of the acts of defendant in error.

In the original suit, plaintiff in error, by the action of defendant in error, was at least put to the necessity of dismissing her action, and paying her attorneys and the costs of the suit. There is nothing in the second case which requires further comment. The case of *The State v. Fry* is more favorable to our contentions than to those of defendant in error.

Our statute (Gen. Stat. of 1889, ¶ 2302) makes the obstruction of process a misdemeanor. We think that the action of defendant in error was an obstruction of process that would come under the prohibition of the statute.

It is not necessary in all cases, in order that a party may be entitled to recover, that the act of the defendant shall be the proximate cause of the injury. In torts, the rule is extended to cover consequences more or less remote. All that is necessary is, that the injury was probable to result from the wrong, or the direct and natural result from it; and the limit of the liability depends upon the aggravation and the motives of the wrongdoer. Field, Dam., ¶ 32, subdiv. 4, 5, 6; also ¶¶ 45, 48, 56, and 70. See, also, Sedg. Dam. 38, 79, 88; Sack. Ins. Jur., p. 242; *Bates v. Davis,* 76 Ill. 167.

*H. W. Schumacher,* and *Rossington, Smith & Dallas,* for defendant in error:

The petition of the plaintiff does not state facts sufficient to constitute a cause of action. If it is intended to charge that the defendant is liable because of his action as judge, clearly no cause of action is stated in the petition. " It is a general principle applicable to all judicial officers, that they are not liable in a civil action for any judicial act done in their jurisdiction." *Randall v. Brigham,* 7 Wall. 535.

In *Weaver v. Devendorf,* 3 Denio, 120, the court says: " No public officer is responsible in a civil suit for judicial determination, however erroneous it may be, and however malicious the motive that produces it." See, also, *Wilson v. Mayor of New York,* 1 Denio, 598, 599; *Kavanaugh v. City of Brooklyn,* 38 Barb. 237; *People v. Stocking,* 50 id. 575; *Yates v. Lansing,* 9 Johns. 395; *Stone v. Graves,* 8 Mo. 148; *Pike v. Megoun,* 44 id. 496; *The State v. Hastings,* 55 N. W. Rep. 782.

That the damages are entirely too remote to be the basis of an action, clearly appears from 1 Sutherland on Damages, 51, 52. See, also, *Dale v. Grant,* 34 N. J. L. 142; *Wellington v. Small,* 3 Cush. 145; *Bradley v. Fuller,* 118 Mass. 239;

*The State v. Fry*, 40 Kas. 311; *Wylie v. McRae*, 2 Jones (N. C. L.), 349; *Hughes v. The State*, 1 Eng. (Ark.) 131.

The opinion of the court was delivered by

HORTON, C. J.: The only question before us for our consideration is, whether the petition states facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. We are not called to pass upon a question of morals, or of professional or official ethics. There is no allegation in the petition that William Harrison was a resident of the state, or that he had any real or personal property in the state. It is alleged that he was possessed of real and personal effects of the value of $7,000, but where it is situated is not stated. In the action commenced on the 12th of October, 1887, in Butler county, by the plaintiff against William Harrison, for alimony, there was no prayer for an injunction or restraining order.

We think, upon full consideration, that the plaintiff cannot recover. If the action were against the defendant in his official position as judge, (which we do not think it was,) then there could be no recovery, because a judicial officer is not liable in a civil action for any judicial act done in his jurisdiction. (*Randall v. Brigham*, 7 Wall. 535; *Weaver v. Devendorf*, 3 Denio, 120; Cooley, Torts, 1st ed., 380.) If we consider that the defendant is charged as a private person only, then there can be no recovery, because of the uncertainty of the plaintiff's damage, the injury complained of being too remote, indefinite, and contingent. (1 Suth. Dam. 51; *Lamb v. Stone*, 11 Pick. 527; *Bradley v. Fuller*, 118 Mass. 239.) The defendant was not required in his private capacity or as a citizen to render any assistance to the plaintiff concerning the prosecution of her action; and, if he advised Harrison, the husband, to withdraw from the jurisdiction of the court and to dispose of his property, we perceive no way of determining what damages could be allowed as a clear and necessary consequence of such advice. The actual damage from defendant's conduct is not capable of legal proof.

If service had been obtained upon William Harrison on the 12th of October, 1887, he could have disposed of his property as well after service as before. Again, if William Harrison fraudulently disposed of any of his property at any time, the plaintiff might have prosecuted successfully proceedings in aid of execution, or brought her action to set aside any fraudulent conveyance. There is no allegation in the petition that the defendant secreted any of the real estate or personal effects of William Harrison, or obtained any benefit therefrom, and, therefore, this case does not come within the rule declared in *Penrod v. Morrison*, 2 Penr. & W. 126, in which it was decided that "where A., being indebted to B., held certain choses in action which he assigned to C. without consideration, and then took the benefit of the insolvent law, that C. was liable with A." In that case C., advising and aiding in the wrong, received a pecuniary benefit. The plaintiff was injured to the amount of the property received and secreted by C., and the actual damages could be legally ascertained. The value of the property of which C. received pecuniary benefit could be proved legally. But the doctrine of that case is denied in *Wellington v. Small*, 3 Cush. (Mass.) 145. In this case it is sought to recover from the defendant the judgment rendered against the husband, William Harrison, when the plaintiff has not exhausted her remedies to collect the judgment, and when it is not alleged that the defendant is possessed of or has control of any property now or formerly owned by the husband. The judgment of the district court will be affirmed.

All the Justices concurring.