# EUGENIA LINDER v. HAZEL FOSTER AND OTHERS.[1]

December 13, 1940.

No. 32,375.

*Paul N. Casserly,* for appellant.

[1]Reported in 295 N. W. 299.

*Edward J. Shannon* and *Karl W. Windhorst,* Special Assistant County Attorneys, for respondent Donald C. Bennyhoff.

*Faegre, Benson & Krause* and *Raymond A. Scallen,* for respondents Alex G. Dumas and Royal C. Gray.

GALLAGHER, CHIEF JUSTICE.

Plaintiff instituted an action against Hazel Foster, a supervisor of public relief in the city of Minneapolis, Donald C. Bennyhoff, court commissioner of Hennepin county, and Alex G. Dumas and Royal C. Gray, Minneapolis physicians, for malicious prosecution arising out of her commitment to a state insane asylum. The summons and complaint were not served on defendant Foster. Each of the other defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. This appeal is from an order sustaining the separate demurrers.

The complaint alleges in substance that defendants Foster and Bennyhoff, having developed hatred and malice for plaintiff, conspired in a plot to wrong, harm, and injure her; that as a part of said plot they persuaded plaintiff's brother to sign a complaint which instituted an insanity proceeding against plaintiff; that the contents of said complaint were misrepresented to plaintiff's brother and that he later repudiated the same; that regardless of said repudiation defendants Foster and Bennyhoff proceeded with said insanity hearing; that defendant Bennyhoff appointed defendants Dr. Dumas and Dr. Gray to examine plaintiff and make findings as to her mentality; that said defendants Dumas and Gray, after such examination, made findings to the effect that plaintiff was insane; that based upon said findings defendant Bennyhoff made an order committing plaintiff to the state insane hospital at Rochester, Minnesota, where she remained from April 5, 1937, to December 22, 1937. It further alleges that, "designing, contriving and maliciously intending to wrong, harm and injure the plaintiff, the defendants, and all of them, willfully and maliciously conspired together to find her insane and cause her to be committed

to a state hospital for the insane; that such conspiracy was entered into previous to any proceeding or action against the plaintiff, having for its purpose the wrongful committing her to an insane asylum; that such plot or conspiracy was not done, or planned, in the course of any judicial proceeding, but prior thereto and separate and distinct therefrom; that all proceedings taken against her were without probable cause." Plaintiff demands judgment against defendants for the expenses incurred by her in being restored to capacity and for the humiliation she suffered because of defendants' alleged wrongful acts.

■ In attempting to plead a cause of action against defendant Bennyhoff, plaintiff is confronted with the rule that a judge is not liable in a civil action to anyone for his judicial acts, however erroneous, or by whatever motives prompted. 3 Dunnell, Minn. Dig. (2 ed. & Supps.) § 4959; 30 Am. Jur., Judges, § 43; 2 Cooley, Torts (4 ed.) p. 420. This rule was first recognized by this court in Stewart v. Cooley, 23 Minn. 347, 23 Am. R. 690, wherein Stewart, an attorney, brought suit against several defendants, including Cooley, a municipal judge, for the malicious prosecution of a criminal action in which Stewart was charged with perjury. The trial court sustained a demurrer to the complaint, but for reasons which will hereinafter be referred to the decision was overruled by this court. However, the immunity rule was recognized and referred to by this court speaking through Mr. Justice Cornell. We quote therefrom (23 Minn. 350):

"Hence, the doctrine has become settled that, for acts done in the exercise of judicial authority, clearly conferred, an officer or judge shall not be held liable to any one in a civil action, so that he may feel free to act upon his own convictions, uninfluenced by any fear or apprehension of consequences personal to himself. Yates v. Lansing, 5 John. 282; s. c., 9 John. 394 [395] [6 Am. D. 290]; Rochester White Lead Co. v. City of Rochester, 3 N. Y. 463 [53 Am. D. 316]; Stewart v. Hawley, 21 Wend. 552; Weaver v. Devendorf, 3 Denio, 117; Harman v. Brotherson, 1 Denio, 537; Wilson v. Mayor, etc., of New York, 1 Denio, 595 [43 Am. D. 719];

Randall v. Brigham, 7 Wall. 523 [19 L. ed. 285]; Bradley v. Fisher, 13 Wall. 335 [20 L. ed. 646]."

The rule was next applied in Stewart v. Case, 53 Minn. 62, 66, 54 N. W. 938, 39 A. S. R. 575, where it was held that an assessor was entitled to its protection. There Chief Justice Gilfillan, speaking for the court, said:

"It is unquestionable, and has been from the earliest days of the common law, that a judicial officer cannot be called to account in a civil action for his determinations and acts in his judicial capacity; however erroneous or by whatever motives prompted. This rule and the reason for it are nowhere more clearly and emphatically stated than by Mr. Justice Cornell in Stewart v. Cooley, 23 Minn. 350 [23 Am. R. 690]."

It was applied or referred to with approval in several later cases. Murray v. Mills, 56 Minn. 75, 57 N. W. 324; Melady v. South St. Paul Live Stock Exch. 142 Minn. 194, 171 N. W. 806; Roerig v. Houghton, 144 Minn. 231, 175 N. W. 542; Wilbrecht v. Babcock, 179 Minn. 263, 228 N. W. 916.

The principle of judicial immunity is generally recognized by the courts of other states, by the federal courts, and by the courts of England. 2 Cooley, Torts (4 ed.) c. 14, p. 420; 30 Am. Jur., Judges, §§ 43 to 51, pp. 755-766 (see cases cited on page 756); Jaffarian v. Murphy, 280 Mass. 402, 183 N. E. 110, 85 A. L. R. 293; Mundy v. McDonald, 216 Mich. 444, 185 N. W. 877, 20 A. L. R. 398; Brinkman v. Drolesbaugh, 97 Ohio St. 171, 119 N. E. 451, L. R. A. 1918F, 1132; Lange v. Benedict, 73 N. Y. 12, 29 Am. R. 80; Randall v. Brigham, 7 Wall. 523, 19 L. ed. 285; Yaselli v. Goff (2 Cir.) 12 F. (2 ed.) 396, 56 A. L. R. 1239, affirmed, 275 U. S. 503, 48 S. Ct. 155, 72 L. ed. 395; Scott v. Stansfield, L. R. 3 Exch. 220, 15 Eng. Ruling Cases, 42.

The reasons for the rule are well stated by Circuit Court Judge Rogers in Yaselli v. Goff (2 Cir.) 12 F. (2d) 396, 56 A. L. R. 1239. We quote from the opinion in that case (p. 399):

"There are weighty reasons why judicial officers should be shielded in the proper discharge of their official duties from harassing litigation at the suit of those who think themselves wronged by their decisions and that injustice has been done. A defeated party to a litigation may not only think himself wronged, but may attribute wrong motives to the judge whom he holds responsible for his defeat. He may think that the judge has allowed passion or prejudice to control his decision. To allow a judge to be sued in a civil action on a complaint charging the judge's acts were the result of partiality, or malice, or corruption, would deprive the judges of the protection which is regarded as essential to judicial independence. It is not in the public interests that such a suit should be maintained; and it is a fundamental principle of English and American jurisdiction that such an action cannot be maintained."

The immunity extends to all classes of courts. It applies to the highest judge of the nation and to the lowest officer who sits as a court and tries petty cases. 2 Cooley, Torts (4 ed.) p. 426; Bradley v. Fisher, 13 Wall. 335, 20 L. ed. 646; Harrison v. Redden, 53 Kan. 265, 36 P. 325; Murray v. Mills, 56 Minn. 75, 57 N. W. 324; Thompson v. Jackson, 93 Iowa, 376, 61 N. W. 1004, 27 L. R. A. 92; Chambers v. Oehler, 107 Iowa, 155, 77 N. W. 853. It also extends to quasi judicial officers. 3 Dunnell, Minn. Dig. (2 ed. & Supps.) § 4959; Melady v. South St. Paul Live Stock Exch. 142 Minn. 194, 197, 171 N. W. 806; Roerig v. Houghton, 144 Minn. 231, 234, 175 N. W. 542; 2 Cooley, Torts (4 ed.) p. 428. It has been held to extend to grand and petit jurors in the discharge of their duties, Hunter v. Mathis, 40 Ind. 356; Turpen v. Booth, 56 Cal. 65, 38 Am. R. 48; Engelke v. Chouteau, 98 Mo. 629, 12 S. W. 358; to assessors upon whom is imposed the duty of valuing property for the purpose of levying taxes, Stewart v. Case, 53 Minn. 62, 54 N. W. 938, 39 A. S. R. 575; Hope Cemetery Assn. v. Rose, 117 Misc. 457, 465, 191 N. Y. S. 623; Ballerino v. Mason, 83 Cal. 447, 23 P. 530; to commissioners appointed to appraise damages when property is taken under the right of eminent domain, Van Steen-

bergh v. Bigelow, 3 Wend. (N. Y.) 42; and to prosecuting attorneys, Griffith v. Slinkard, 146 Ind. 117, 44 N. E. 1001; Kittler v. Kelsch, 56 N. D. 227, 216 N. W. 898, 56 A. L. R. 1217.

■ Defendants Dumas and Gray are physicians and surgeons. They were appointed by the court commissioner in accordance with the provisions of 2 Mason Minn. St. 1927, §§ 8958 and 8959, to examine plaintiff and report to the court as to her mental condition. They reported her to be insane, and on that report defendant Bennyhoff committed her to the asylum. It is clear that these defendants were quasi judicial officers and that what they did was in the scope of their duties as such. That being so, they are within the protection of the rule and immune from suit.

■ Appellant contends that, having pleaded a conspiracy involving wrongful acts committed prior to the commencement of the insanity proceeding, she has brought the case outside of the immunity rule and that the pleading is good against demurrer. She bases that contention on the decision of this court in Stewart v. Cooley, 23 Minn. 347, 23 Am. R. 690. There is some basis for that claim, but we do not find where this court in any later case followed the rule it relied upon in holding the complaint good as against demurrer in Stewart v. Cooley. It entirely overlooked the distinction in Stewart v. Case, 53 Minn. 62, 54 N. W. 938, 39 A. S. R. 575, although a conspiracy was pleaded in that case. Commenting on Stewart v. Cooley, the United States Court of Appeals in Yaselli v. Goff had this to say (12 F. [2d] 407):

"Our attention is called to Stewart v. Cooley, 23 Minn. 347, 23 Am. Rep. 690, upon which the plaintiff appears strongly to rely. His counsel asserts that it is perfectly clear that a wrongdoer cannot become immune by the successful accomplishment of part of the wrong which enables him to do the rest; that is, the obtaining of the official position which enables him to conduct the unwarranted but desired prosecution. He adds: 'One case precisely of that kind has been found. Stewart v. Cooley, 23 Minn. 347, 23 Am. Rep. 690.' It is comment enough upon that case to incorporate herein the following criticism of the case made by Judge

Cooley in his work on Torts (3d Ed.) vol. 2, p. 801, which we adopt and make our own:

" 'The action in that case was against the judge of a municipal court and others, charging that they conspired to institute a malicious prosecution against the plaintiff, and that one of the defendants made complaint against the plaintiff for perjury, upon which the judge and clerk issued a warrant for his arrest, which was served, and the plaintiff brought into court for examination, whereupon he was discharged for the failure of the complainant to appear. This complaint was held to set forth a good cause of action. The wrongful act on the part of the judge here must have consisted in the issuing of process, and as to that he could have had no discretion if the complaint was sufficient, or, if he had, it was a judicial discretion, and to hold him liable by charging some bad motive lying back of it seems to come directly within the condemnation of Bradley v. Fisher, 13 Wall. 335 [20 L. Ed. 646], above referred to.'

"The 'one case precisely of that kind' which the plaintiff's counsel was sure he had found is a case which we decline to follow."

We agree with the criticism of Stewart v. Cooley and decline to hold that a cause of action can be pleaded against a judicial officer for acts performed in the scope of his duties by merely pleading that they were the result of a conspiracy previously entered into. So to hold would be to scuttle the immunity rule.

If any further reason is needed for distinguishing the present case from Stewart v. Cooley, 23 Minn. 347, 23 Am. R. 690, it may be found in the fact that in the Cooley case the complaint in the criminal action against Stewart was dismissed for want of appearance on the part of the complainant. There was no finding of probable cause. In the instant case there was a hearing before the court commissioner. Upon such hearing appellant was adjudged insane and committed to an asylum. That adjudication has not been vacated or set aside. It is conclusive evidence of probable cause.

■ It is a well recognized rule that before an action for malicious prosecution can be maintained the complaint must allege a termination in plaintiff's favor of the original proceeding. 18 R. C. L. p. 21, § 11; Pixley v. Reed, 26 Minn. 80, 1 N. W. 800; Buhner v. Reusse, 144 Minn. 450, 175 N. W. 1005; Martin v. Cedar Lake Ice Co. 145 Minn. 452, 177 N. W. 631. Here the complaint not only fails to allege a termination in plaintiff's favor of the insanity proceeding, but it specifically alleges an adverse termination. This rule is not applicable where the prosecution terminated under such circumstances that the accused had no opportunity to controvert the facts alleged against him and to secure a determination thereon in his favor. Swensgaard v. Davis, 33 Minn. 368, 23 N. W. 543. Here plaintiff had a hearing before the court commissioner. Therefore the action for malicious prosecution cannot be maintained.

The order appealed from is affirmed.

