Catherine F. PETERKA, Appellant,

v.

Stephen G. DENNIS, Certified Public Accountant, et al., Respondents,

Todd R. Haugan, Attorney at Law, Defendant.

No. A07-0165.

Court of Appeals of Minnesota.

Jan. 29, 2008.

Richard E. Bosse, Law Offices of Richard E. Bosse, Chtd., Henning, MN, for appellant.

John M. Degnan, Jesse R. Orman, Briggs and Morgan, P.A., Minneapolis, MN, for respondents.

Considered and decided by STONEBURNER, Presiding Judge; HALBROOKS, Judge; and CRIPPEN,

Judge.*

## OPINION

STONEBURNER, Judge.

Appellant sued respondents, an accountant and his employer, asserting that the accountant committed malpractice, for which his employer is vicariously liable, in evaluating businesses in connection with appellant's dissolution action. Because the accountant was retained as an independent neutral evaluator of the businesses and a district court order required appellant and her husband to cooperate with and pay for the evaluation, respondents moved for summary judgment asserting quasi-judicial immunity. The district court granted summary judgment, holding that court appointment and public policy required that respondents be protected by quasi-judicial immunity. Because we conclude that respondent accountant was not retained or appointed to perform a judicial function, we reverse and remand.

## FACTS

Appellant Catherine Peterka brought an action to dissolve her marriage to Mark Peterka (husband). Appellant and her husband agreed to have their business assets valued by a neutral evaluator, and the district court incorporated this agreement into its order for temporary relief, requiring them to select the neutral from a list provided by the court. The accountant they initially retained withdrew, apparently due to concern about the parties' cooperation with his efforts. He recommended, among others, respondent Stephen Dennis of respondent Baune, Dosen & Co. (Baune Dosen) to complete the evaluations.

Appellant and her husband agreed to retain Dennis. Dennis conditioned his employment on the parties obtaining a court order appointing him as a neutral. Appellant and her husband signed a stipulation for an order requiring them to cooperate with Dennis's independent neutral evaluation of their business assets and ordering each to pay one-half of his fees and costs. The district court issued the stipulated order.

Dennis appraised the businesses and testified at the dissolution trial. The district court based its finding on the businesses' value on Dennis's testimony.

After the dissolution judgment was entered, appellant brought this action against Dennis for malpractice. Based on her expert's opinion, appellant alleged that Dennis breached the standard of care applicable to such business appraisals by using the book value of the inventory rather than the fair market value of the inventory, resulting in a loss to appellant of $746,672 in the property division.[1] The complaint asserted that Baune Dosen, as Dennis's employer, is vicariously liable for Dennis's malpractice.

Respondents moved for summary judgment, arguing that as a court-appointed neutral, Dennis is entitled to quasi-judicial immunity, and Baune Dosen is entitled to vicarious quasi-judicial immunity. The district court agreed and granted summary judgment to respondents, concluding that, as a matter of law, Dennis was court appointed and therefore entitled to quasi-judicial immunity. The district court determined that public policy requires quasi-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. Appellant also sued the attorney who represented her in the dissolution trial (not the same attorney who hired Dennis) for malpractice, but has settled that action by a Perringer Agreement.

judicial immunity for independent neutral evaluators of business property in dissolution proceedings. This appeal followed.

## ISSUES

I. Did the district court err in determining that because the district court ordered the parties to cooperate and pay for respondents' independent neutral evaluation of their business assets, respondents are entitled to quasi-judicial immunity?

II. Did the district court err in determining that respondents are entitled to quasi-judicial immunity for public-policy reasons?

## ANALYSIS

"On appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the [district] court[ ] erred in [its] application of the law." *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). "On appeal, the reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993).

▆▆▆ Minnesota has long recognized that quasi-judicial immunity "should be extended to all to whom the law or the agreement of the parties, commits the exercise of authority of an essentially judicial nature." *Dziubak v. Mott,* 503 N.W.2d 771, 775 (Minn.1993) (quotation omitted) (extending immunity to public defenders for policy reasons). This immunity applies to all determinations and acts made in a judicial capacity, "however erroneous or by whatever motives prompted." *Linder v. Foster,* 209 Minn. 43, 45, 295 N.W. 299, 300 (1940).

Despite language in *Dziubak* that an agreement of the parties may be sufficient to extend judicial immunity, to date, case law appears to condition a grant of quasi-judicial immunity on the presence of both court appointment and the exercise of authority of a judicial nature. *See Zagaros v. Erickson,* 558 N.W.2d 516, 523–24 (Minn.App.1997) (reserving the issue of extending judicial immunity to custody evaluators who are not court appointed), *review denied* (Minn. Apr, 17, 1997); *Koelln v. Nexus Residential Treatment Facility,* 494 N.W.2d 914, 920 (Minn.App.1993) (holding that a question of fact about whether Nexus was court appointed made summary judgment inappropriate on that issue, but affirming summary judgment denying quasi-judicial immunity on the ground that Nexus was not performing a function integral to the judicial process), *review denied* (Minn. Mar. 22, 1993); *Sloper v. Dodge,* 426 N.W.2d 478, 479 (Minn. App.1988) (recognizing that quasi-judicial immunity has been extended to court-appointed psychiatrists and physicians who prepare and submit medical evaluations relating to judicial proceedings but concluding that a fact question about whether Dodge was court appointed precluded summary judgment that he was entitled to quasi-judicial immunity).

## I. Quasi-judicial immunity only extends to an exercise of authority of an essentially judicial nature

▆▆▆ In this case, the district court concluded that Dennis was a court-appointed neutral. From our review of the record, it appears that there is a question of fact on this issue, but whether or not Dennis was court appointed does not end the inquiry into whether he is entitled to quasi-judicial immunity, because such immunity only extends to the exercise of judicial authority. Appellant, relying on *Gammel v. Ernst & Ernst,* 245 Minn. 249, 72 N.W.2d 364 (1955), argues that the function Dennis performed was not of a judicial nature.

In *Gammel*, the supreme court reversed a grant of quasi-judicial immunity to accountants retained pursuant to a merger agreement between two corporations to conduct a binding independent audit to determine the value of stock. *Id.* at 255–56, 72 N.W.2d at 368–69. The supreme court quoted from the United States Court of Appeals in a prior related action in rejecting the argument that because the audit was to be binding, the accountants were exercising a judicial function:

> "We do not think it soundly can be said that the legal effect of [the contract of the parties] was to constitute [accountants] as an 'umpire' or arbiter, with an obligation to hear, consider and produce a result in relation to the contentions of the parties. Rather ... it seems to us that what the contract provided for was the making of a sound accountancy appraisal of earnings, by an independent auditor, through the use necessarily of proper applicable auditing process, but with the ultimate result inherently to be produced by the judgment, discretion and skill which the selected expert would be called upon to exercise—not as an arbiter but as an accountant-evaluator * * *."

*Id.* at 256, 72 N.W.2d at 369 (quoting *Sanitary Farm Dairies v. Gammel*, 195 F.2d 106, 114–15 (8th Cir.1952)). We agree with appellant that Dennis's function in the dissolution action was very similar to the function of the accountants in *Gammel*.

In this case, Dennis's evaluation of business assets did not involve an exercise of authority that is essentially judicial in nature. Dennis's function was to apply sound accounting principles to develop factual bases supporting his expert opinion on the value of businesses in which appellant and her husband had an interest. Dennis had to exercise the same skill and judg-

ment required by those in his profession; but like the accountants in *Gammel*, exercise of that judgment did not equate to performing a judicial function. Dennis was retained, whether by appellant and her husband or by the court, to give his expert opinion on the businesses' value, not as a decision-maker to determine competing claims of appellant and her husband. For the reasons stated in *Gammel*, we conclude that even if Dennis was a court-appointed neutral, he was not appointed to perform a judicial function, and therefore is not entitled to quasi-judicial immunity. Because Dennis is not entitled to such immunity, Baune Dosen is therefore not entitled to vicarious quasi-judicial immunity.

## II. Public policy does not compel a grant of quasi-judicial immunity to a neutral evaluator of business assets

■ Respondents argue that because Dennis was appointed to provide a service to the court, public policy requires that quasi-judicial immunity be extended to him, because without immunity, professionals will be reluctant to provide an important service to the court. But the language of the district court's order and finding of fact indicate that Dennis was providing a service to the parties, not the court, by providing evidence to the court on the value of the businesses at issue. Notwithstanding that the district court's decision-making in the dissolution action was aided by the agreement of appellant and her husband to use one expert witness, nothing in the circumstances of this case indicates that the district court precluded appellant and her husband from disagreeing with Dennis's opinion or presenting additional evidence on the issue of the value of the businesses. Under the facts of this case, we conclude that the language in *Gammel* does not support a

grant of quasi-judicial immunity to an accountant valuing assets in a dissolution action purely on public policy grounds.

 Generally, judicial immunity applies to those who resolve disputes through the exercise of independent and impartial judgment:

> The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability. Accordingly, the "touchstone" for the doctrine's applicability has been performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.

*Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435–36, 113 S.Ct. 2167, 2171, 124 L.Ed.2d 391 (1993) (quotation omitted) (declining to extend judicial immunity to court reporters). A distinction exists between the arbitration of a controversy and an agreement which requires a designated party to determine values, quantities, losses, or similar facts. *Comins v. Sharkansky*, 38 Mass.App.Ct. 37, 644 N.E.2d 646, 648 (1995) (quotation omitted) (holding that accountant was not entitled to quasi-judicial immunity because he did not exercise quasi-judicial functions nor render expert services to the court). The Massachusetts Appeals Court noted in *Comins* that "[i]n similar circumstances, cases elsewhere have not accorded appraisers immunity" even when they have claimed to be arbitrators. *Id.* at 649 (citing, among other cases and treatises, *Gammel*, 245 Minn. at 255–56, 72 N.W.2d at 364).

 Accountants are generally subjected to the same standards of reasonable care as lawyers, doctors, engineers, and other professionals providing skilled services for compensation. *Id.* at 253, 72 N.W.2d at 367. As stated in *Gammel*, even without a grant of immunity, liability arises only when an accountant's performance of services indicates a lack of reasonable care, fraud or bad faith, or a failure to follow accepted accounting principles best suited for the work to be performed. *Id.* Therefore, immunity for accountants performing an appraisal is not compelled by public policy.

## DECISION

Because Dennis's function of providing the court with an independent neutral evaluation of business assets was not an exercise of authority of a judicial nature, and because public policy does not require a grant of judicial immunity to accountants providing neutral asset evaluations, we reverse summary judgment granted to respondents based on quasi-judicial immunity and remand for further proceedings. Our remand shall not be construed as an expression of opinion by this court regarding whether any malpractice exists in this case, or on any other dispute between the parties.

**Reversed and remanded.**