### EVAN J. HENRY v. LEWIS E. ALBERT AND ANOTHER.

129 N. W. (2d) 317.

June 5, 1964—No. 39,197.

---

*Evan J. Henry,* pro se, for appellant.
*Lewis E. Albert,* pro se, for respondent.
*Sawyer, Sawyer & Darby,* for respondent Erpelding.

FRANK T. GALLAGHER, C.

This is an appeal from a judgment of the district court dismissing the above-entitled action.

Plaintiff, Evan J. Henry, is acting in his own behalf without counsel. Although the records and briefs are somewhat inadequate for ascertaining the background of the appeal, from all of the information before us it appears that plaintiff and defendant Frank Erpelding had a dispute in connection with alleged damage to a fence separating their lands and as to the correct location of the fence. On the basis of an alleged survey, Henry claimed the fence was upon his property and refused to pay for its repair. Thereafter, the parties agreed to employ a surveyor who would be mutually acceptable to them, but it appears that Erpelding hired one without securing the approval of Henry. The survey made, contrary to the alleged result of the earlier survey, showed that the fence was on Erpelding's property. Apparently he again asked Henry to pay damages for the repairs of the fence and half of the surveyor's fee and, when he refused, Erpelding sued.

According to plaintiff's complaint in this action, the prior case was tried in justice court in the village of Goodview in Winona County before Lewis E. Albert, justice of the peace, also named as defendant in the present action. It involved Erpelding's claim totaling $72.20 against plaintiff for alleged damages to the fence and half the surveyor's fee. Complaint in this present action further alleges that judgment was docketed in justice court in favor of Erpelding for $88.15 ($72.20 plus court costs of $15.95) and that under an execution, the sheriff of Winona County collected from Henry $88.15 plus $9.90 costs. It is also alleged that the justice court case was submitted to the defendant Albert for his decision on November 16, 1961, and that the judgment was entered on November 21, 1961, a period of more than 3 days after the submission of that case in justice court,

in violation of Minn. St. 531.45. Plaintiff, therefore, demanded that the district court declare the justice court judgment null and void and allow the plaintiff to recover $98.05 and costs.

In addition to the above allegations, the complaint alleged that it appeared at the justice court trial "that title to real estate was involved in that plaintiff claimed to own the land upon which the fence was situated and that justice court therefore did not have jurisdiction"; that "title to real estate was, in fact, involved and that the plaintiff was prepared and did attempt to establish this at the trial"; and that defendant Albert refused to make entry in his docket that title to real estate was involved and to cease proceedings in the case as required by statute although requested to do so.

Defendant Albert answered in the present case with a denial of all the allegations, but admitted the averment regarding the time of submission of the case and the time of entry of judgment. Defendant Erpelding made no answer but filed a motion for summary judgment alleging that no material issue of fact existed and that he was entitled to judgment as a matter of law. Plaintiff's affidavit in opposition to that motion was filed, declaring that a material fact issue existed in regard to whether title to realty was involved in the action before the justice court. Plaintiff also filed a motion for summary judgment claiming that Erpelding's failure to file an answer meant that all allegations in the complaint were admitted and no issue of material fact existed. The motion also asked for summary judgment against Albert since his answer admitted that judgment was not entered within 3 days after the submission of the action to him.

A hearing was had before the district court on defendant Erpelding's motion and defendant Albert orally moved the court for summary judgment in his favor. Plaintiff was present without counsel. Thereafter, the court ordered that defendants' motions be granted; that the action be dismissed; and that defendants have judgment against plaintiff for their costs and disbursements.

The order of the trial court granting summary judgment was justified if, but only if, the facts appearing in the complaint disclose the absence of a cause of action against the defendants as a matter of

law. Rule 56, Rules of Civil Procedure. Construing the complaint in the light most favorable to the plaintiff, it can be said to allege that the sum for which recovery was sought was paid by plaintiff in order to avoid seizure of his goods pursuant to execution issued by defendant Albert on account of a judgment entered in favor of Erpelding. That judgment was void on its face because of failure to comply with § 531.45 requiring a justice of the peace to enter judgment in his docket within 3 days after the action is submitted to him for decision. So construed, the complaint states a cause of action against each of the defendants.

The fact that the judgment of the justice court is void appears from Murray v. Mills, 56 Minn. 75, 77, 57 N. W. 324, where the court, speaking with respect to the statute then in force and similar to § 531.45, said:

"The statute * * * is imperative in its requirement that a Justice shall render and enter judgment within three days after a cause has been submitted to him for determination * * *. If judgment is not rendered and docketed within the prescribed period of time, the action falls to the ground; so that in the case at bar, according to the allegations of the complaint, the fact was, and the docket entries disclosed the fact, that the purported judgment was rendered and entered at a time when the Justice had no more power to act than if the action itself had never been brought. *The pretended judgment as entered and docketed was void upon its face, and of no effect.*" (Italics supplied.)

It is true that case held that the justice of the peace was not liable in damages to the person against whom the judgment was entered; but by way of dictum the court made it clear that he would have been liable had execution issued by virtue of the judgment when it said (56 Minn. 77, 57 N. W. 324):

"* * * It [the judgment] did not injure Smith, against whom it was rendered; nor was it of the slightest benefit to the plaintiff, in whose favor it appeared to be. Unless the Justice should proceed further, either by issuing an execution by virtue of which the debtor's property might be seized, or by issuing a transcript through which a

lien on real estate might be acquired, no harm could arise or benefit result by reason of these acts * * *."

In Hoppe v. Klapperich, 224 Minn. 224, 235, 28 N. W. (2d) 780, 788, 171 A. L. R. 819, Mr. Justice Matson said:

"This salutary rule conferring upon a judicial officer well-nigh absolute immunity from liability for acts done while acting in his judicial capacity has no application if he acts wholly without jurisdiction. Absent all jurisdiction, there is no immunity for a judicial officer, regardless of his station. [Cases cited.]"

See, also, Linder v. Foster, 209 Minn. 43, 295 N. W. 299, for statement of the immunity rule.

From the allegations of the complaint in this case it is to be inferred that the defendant Albert, as justice of the peace, did issue a writ of execution on the basis of which the sheriff made demand upon the plaintiff for payment of the amount of the void judgment. If these facts could be proved, a cause of action against each of the defendants would appear to have been established subject, of course, to such affirmative defenses as might be asserted and established by the defendants.

The right of the plaintiff to recover the money paid pursuant to the void judgment is a right to have restored to him that which was obtained by improper use of judicial process. The subject is treated in Restatement, Restitution, § 73, reading in part as follows:

"* * * [A] person is entitled to restitution of a benefit which he has conferred upon another, induced thereto by a levy under or a threat of execution of a judgment or process which is void as to him, if the execution thereof would subject him to serious risk of substantial loss." See, also, illustrations 4 and 5.

We conclude that the summary judgment was not properly granted and that the case should be and is remanded to the district court where issues may be formulated by proper pleadings and determined on the merits.

The record includes a motion for summary judgment by plaintiff but does not include an order denying this motion and there is no men-

tion of such an order in the notice of appeal. In any event, an order denying a motion for summary judgment is not appealable unless the question is certified as important and doubtful. L. 1963, c. 806, § 8.

Reversed and remanded.